UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
METRO FUEL, LLC,

                              Plaintiff,

        -against-                  **ANSWER TO THE COMPLAINT**

CITY OF NEW YORK

                                      07-CV-8244
                              Defendant.
------------------------------------------------------------------------ x

        Defendant, the City of New York by its attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges:

        1.     Denies the allegations set forth in paragraph "1" of the complaint.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of paragraph "2" of the complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph "2" of the complaint, except admits that plaintiff purports to proceed as set forth therein.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.     Denies the allegations set forth in the first sentence of paragraph "4" of the complaint. Denies the allegations set forth in the second sentence of paragraph "4" of the complaint, except admits that advertising signs are not permitted in residential zoning districts, and avers that pursuant to Sections 32-63 and 42-52 of the New York City Zoning Resolution ("Zoning Resolution" or "Z.R.") advertising signs are permitted in C6-5, C6-7, C7 and C8

commercial zoning districts and in M1, M2 and M3 manufacturing zoning districts subject to certain restrictions regarding placement, surface area, illumination, projection and height. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph "4" of the complaint.

5.   Denies the allegations set forth in the first sentence of paragraph "5" of the complaint, except admits that petitioner purports to proceed as set forth therein and admits that the provisions in the Zoning Resolution related to the size and placement of advertising signs throughout the City advance the City's goals of reducing the aesthetic harm caused by a proliferation of outdoor advertising signs and aiding traffic safety by reducing distractions in proximity to the City's roadways. Denies the allegations set forth in the second sentence of paragraph "5" of the complaint.

6.   Denies the allegations set forth in paragraph "6" of the complaint to the extent they allege or purport to allege that the City has acted or is acting improperly or contrary to law.

7.   Denies the allegations set forth in paragraph "7" of the complaint, except admits that in May 2006, the City entered into the Street Furniture Franchise with Cemusa, Inc., admits that the Franchise Agreement provides for, *inter alia*, the installation, operation and maintenance by and at the expense of the franchisee, of Franchise Structures, including a minimum of 3300 new Bus Shelters (many of which will replace existing Bus Shelters) and 20 new Automated Pay Toilets and the installation and maintenance of a minimum of 330 Newsstands (many of which will replace existing Newsstands), admits that the Franchise Agreement provides for the display of advertising on the Franchise Structures, and admits that

the City stands to gain approximately one billion dollars in cash revenue through the Street Furniture Franchise.

8. Denies the allegations set forth in the first sentence of paragraph "8" of the complaint. Denies the allegations set forth in the second sentence of paragraph "8" of the complaint, except admits that if Fuel's advertisements are all approximately twenty-four square feet then the advertisements on street furniture are at least as big as Fuel's advertisements. Denies the allegations set forth in the third sentence of paragraph "8" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations with regard to the placement of Fuel's advertisements in relation to the placement of advertisements on street furniture. Denies the allegations set forth in the fourth sentence of paragraph "8" of the complaint, except admits that pursuant to the Franchise Agreement Cemusa has the right to sell advertising space on the Franchise Structures in accordance with the controls set forth in the Franchise Agreement and admit that the Franchise Agreement provides for a limited amount of "scroller" advertising. Denies the allegations set forth in the fifth sentence of paragraph "8" of the complaint. Admits the allegations set forth in the sixth sentence of paragraph "8" of the complaint, and avers that the placement of advertisements on Franchise Structures is done in accordance with the controls set forth in the Franchise Agreement, and further avers that the Zoning Resolution does not govern the use of the City's streets. Denies the allegations set forth the seventh sentence of paragraph "8" of the complaint, except admits that the City derives revenue from advertisements on Franchise Structures.

9. Denies the allegations set forth in the first, second, third and fourth sentences of paragraph "9" of the complaint. Denies the allegations set forth in the fifth sentence of paragraph "9" of the complaint, and avers that the placement of advertisements on Public Pay

Telephones is done in accordance with the controls set forth in the Public Pay Telephone Franchise Agreements, and further avers that the Zoning Resolution does not govern the use of the City's streets. Denies the allegations set forth in the sixth sentence of paragraph "9" of the complaint, except admits that the City derives revenue from advertising on Public Pay Telephones.

      10. Denies the allegations set forth in the first and second sentences of paragraph "10" of the complaint. Denies the allegations set forth in the third sentence of paragraph "10" of the complaint, except admits that some subway entrances have surface-level advertising, and avers that pursuant to New York State Public Authorities Law Section 1204, subsection 13-a, the New York City Transit Authority may, notwithstanding the provisions of any local law, rule or regulation, "erect signs or other printed, painted or advertising matter on any property, including elevated structures, leased or operated by it or otherwise under its jurisdiction and control . . . ." Denies the allegations set forth in the fourth sentence of paragraph "10" of the complaint, except admits that pursuant to the controls set forth in Title 34, Section 2-14(b) of the Rules of the City of New York ("RCNY"), the Commissioner of the New York City Department of Transportation ("DOT") may issue permits for the display of banners promoting certain cultural exhibits and events on property under DOT's jurisdiction. Denies the allegations set forth in the fifth sentence of paragraph "10" of the complaint, except admits that there is advertising on the outside some of the busses operated by the MTA and that there is advertising on the rooftops of some New York City taxicabs pursuant to permits issued by the New York City Taxi and Limousine Commission ("TLC"). Denies the allegations set forth in the sixth sentence of paragraph "10" of the complaint.

11.	Denies the allegations set forth in the first sentence of paragraph "11" of the complaint, except admits that plaintiff purports to proceed as set forth therein. Denies the allegations set forth in the second sentence of paragraph "11" of the complaint.

12.	Denies the allegations set forth in paragraph "12" of the complaint.

13.	Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.	Denies the allegations set forth in the first sentence of paragraph "14" of the complaint, except admits that the City of New York is a municipal corporation incorporated pursuant to the laws of the State of New York. Denies the allegations set forth in the second sentence of paragraph "14" of the complaint, except admits that the City is responsible for the establishment and enforcement of the outdoor advertising regulations at issue herein.

15.	Denies the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff purports to allege claims under the First and Fourteenth Amendments of the United States Constitution and to bring this action pursuant to 28 U.S.C. § 2201 and 2202 and 42 U.S.C. § 1983.

16.	Denies the allegations set forth in paragraph "16" of the complaint, except admits that this Court has jurisdiction over plaintiff's claims.

17.	Denies the allegations set forth in paragraph "17" of the complaint, except admits that venue is proper in the Southern District of New York.

18.	Denies the allegations set forth in paragraph "18" of the complaint, except admits that plaintiff purports to proceed as set forth therein.

19.	Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "20," "21," "22" and "23" of the complaint.

21. Denies the allegations set forth in sub-heading "B" between paragraphs "23" and "24" of the complaint.

22. Denies the allegations set forth in paragraph "24" of the complaint, except admits that Z.R. § 12-10 (definition of "Sign") states that a sign is "any writing (including letter, word, or numeral), pictorial representation (including illustration or decoration), emblem (including device, symbol, or trademark), flag, (including banner or pennant), or other figure of similar character, that: (a) is a structure or any part thereof, or is attached to, painted on, or in any other manner represented on a building or other structure; (b) is used to announce, direct attention to, or advertise; and (c) is visible from outside a building," and that "non-illuminated signs containing solely non-commercial copy with a total surface area of not more than 12 square feet on any zoning lot, including memorial tablets or signs displayed for the direction or convenience of the public, [are not] subject to the provisions of [the Zoning] Resolution."

23. Denies the allegations set forth in Footnote 1 contained in paragraph "24" of the complaint, except admits that plaintiff purports to proceed as set forth therein and admits that as defined in Z.R. § 12-10, signs include advertisements inside buildings that are visible from outside the building.

24. Denies the allegations set forth in paragraph "25" of the complaint, except admits that Z.R. § 12-10 contains definitions of the terms "Sign, Advertising" and "Accessory Use," and that the definition of "Accessory Use" includes "Accessory Signs."

25. Denies the allegations set forth in paragraph "26" of the complaint, except admits that Z.R. § 12-10 (definition of "Sign, Advertising") states that an advertising sign is "a

sign that directs attention to a business, profession, commodity, service or entertainment conducted, sold, or offered elsewhere than upon the same zoning lot and is not accessory to a use located on the zoning lot."

26. Denies the allegations set forth in the first sentence of paragraph "27" of the complaint, except admits that Z.R. § 12-10 (definition of "Accessory Use," which incorporates "Accessory Sign") provides that a sign is an accessory sign if it is located on the same zoning lot as the principal use to which it is related and directs attention to a business, profession, commodity, service or entertainment conducted, sold or offered on that zoning lot. Admits the allegations set forth in the second sentence of paragraph "27" of the complaint.

27. Denies the allegations set forth in paragraph "28" of the complaint, and respectfully refers this Court to Z.R. §§ 32-62 through 32-661 and 42-52 through 42-55 for their full text and true meaning.

28. Denies the allegations set forth in paragraph "29" of the complaint, and avers that pursuant to Z.R. §§ 32-63 and 42-52, advertising signs are permitted in C6-5, C6-7, C7 and C8 commercial zoning districts and in M1, M2 and M3 manufacturing zoning districts subject to certain restrictions regarding placement, surface area, illumination projection and height.

29. Denies the allegations set forth in paragraph "30" of the complaint, except admits that advertising signs are not allowed in residence zoning districts and admits that pursuant to Z.R. §§ 32-63 and 42-52, advertising signs are permitted in C6-5, C6-7, C7 and C8 commercial zoning districts and in M1, M2 and M3 manufacturing zoning districts subject to certain restrictions regarding placement, surface area, illumination projection and height.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint, except admits that pursuant to Z.R. §§ 32-645 and 42-533 illuminated advertising signs are not permitted in C8 commercial zoning districts or M1, M2 or M3 manufacturing zoning districts.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint, except admits that advertising signs are not permitted in residence zoning districts or in C1, C2, C3, C4, C5 and some C6 commercial zoning districts and that illuminated advertising signs are not permitted in C8 commercial zoning districts or M1, M2 or M3 manufacturing zoning districts.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "33" and "34" of the complaint, and avers that the City has not acted and is not acting improperly or contrary to law.

33. Denies the allegations set forth in paragraph "35" of the complaint, and avers that pursuant to Z.R. §§ 32-62 and 42-52 signs displaying non-commercial messages are permitted in all commercial and manufacturing zoning districts subject to certain restrictions regarding placement, surface area, illumination projection and height.

34. Denies the allegations set forth in sub-heading "C" between paragraphs "35" and "36" of the complaint.

35. Denies the allegations set forth in paragraph "36" of the complaint, except admits that petitioner purports to proceed as set forth therein and admits that the provisions in the Zoning Resolution related to the size and placement of advertising signs throughout the City advance the City's goals of reducing the aesthetic harm caused by a proliferation of outdoor

advertising signs and aiding traffic safety by reducing distractions in proximity to the City's roadways.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

37. Denies the allegations set forth in paragraph "38" of the complaint to the extent they allege or purport to allege that the City has acted or is acting improperly or contrary to law.

38. Denies the allegations set forth in paragraph "39" of the complaint.

39. Denies the allegations set forth in paragraph "40" of the complaint to the extent they allege or purport to allege that the City has acted or is acting improperly or contrary to law.

40. Denies the allegations set forth in the first sentence of paragraph "41" of the complaint. Denies the allegations set forth in the second sentence of paragraph "41" of the complaint to the extent they allege or purport to allege that the City has acted or is acting improperly or contrary to law.

41. Denies the allegations set forth in paragraph "42" of the complaint to the extent they allege or purport to allege that the City has acted or is acting improperly or contrary to law.

42. Denies the allegations set forth in paragraph "43" of the complaint.

43. Denies the allegations set forth in sub-heading "D" between paragraphs "43" and "44" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint, except admits that in May 2006, the City entered into the Street Furniture Franchise with Cemusa, Inc., admits that the Franchise Agreement provides for, *inter alia*, the installation, operation and maintenance by and at the expense of the franchisee, of Franchise Structures, including a minimum of 3300 new Bus Shelters (many of which will replace existing Bus Shelters) and 20 new Automated Pay Toilets and the installation and maintenance of a minimum of 330 Newsstands (many of which will replace existing Newsstands) and admits that the Franchise Agreement provides for the display of advertising on the Franchise Structures.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint, except admits that in May 2006, the City entered into the Street Furniture Franchise with Cemusa, Inc., and admits that the Franchise Agreement provides for, *inter alia*, the installation, operation and maintenance by and at the expense of the franchisee, of Franchise Structures, including a minimum of 3300 new Bus Shelters (many of which will replace existing Bus Shelters) and 20 new Automated Pay Toilets and the installation and maintenance of a minimum of 330 Newsstands (many of which will replace existing Newsstands).

48. Denies the allegations set forth in paragraph "48" of the complaint, except admits that the Street Furniture Franchise allows Cemusa to place advertisements on the Franchise Structures in accordance with the controls set forth in the Franchise Agreement, and admits that the City will receive revenues from the Franchise Agreement, and avers that the Street Furniture Franchise will provide attractive, desirable, much needed and long awaited amenities which will enhance the City's streetscape and serve the convenience of the public.

49. Denies the allegations set forth in paragraph "49" of the complaint, except admits that the Franchise Agreement provides that the City will have control of 22.5% of the advertising space on the Franchise Structures to promote the City and for public service messages.

50. Denies the allegations set forth in paragraph "50" of the complaint, except admits that the City stands to gain approximately one billion dollars in cash revenue through the Street Furniture Franchise.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint, except admits that under the terms of the Franchise Agreement, Cemusa is responsible for replacing and maintaining the 3300 existing bus shelters and, at the option of the Department of Transportation, is also responsible for furnishing, installing and maintaining an additional 200 bus shelters throughout the City.

53. Denies the allegations set forth in paragraph "53" of the complaint, except admits that pursuant to the Franchise Agreement Cemusa has the right to sell advertising space on bus shelters in accordance with the controls set forth in the Franchise Agreement and admits that if Fuel's advertisements are all approximately twenty-four square feet then the advertisements on the bus shelters will be larger than Fuel's advertisements.

54. Denies the allegations set forth in paragraph "54" of the complaint, except admits that bus shelters are located near curb lines.

55. Denies the allegations set forth in the first sentence of paragraph "55" of the complaint. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in the second and third sentences of paragraph "55" of the complaint. Denies the allegations set forth in the fourth sentence of paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint, and avers that the Zoning Resolution does not govern the use of the City's streets.

57. Denies the allegations set forth in paragraph "57" of the complaint, and avers that there are no photographs attached to the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint, except admits that pursuant to the Franchise Agreement Cemusa will have the right to display a limited amount of "scroller" advertising.

59. Denies the allegations set forth in paragraph "59" of the complaint, except admits that pursuant to a pilot program started in the spring of 2007, ten bus stop shelters have been equipped with Bluetooth technology for a twelve-month trial period.

60. Denies the allegations set forth in paragraph "60" of the complaint, except admits that under the terms of the Franchise Agreement, Cemusa is responsible for replacing and maintaining the existing 307 newsstands and furnishing, installing and maintaining approximately twenty additional newsstands in accordance with specific siting criteria, and admits that pursuant to the Franchise Agreement Cemusa has the right to sell advertising space on the newsstands in accordance with the controls set forth in the Franchise Agreement.

61. Denies the allegations set forth in paragraph "61" of the complaint, and avers that the Zoning Resolution does not govern the use of the City's streets.

62. Denies the allegations set forth in paragraph "62" of the complaint, except admits that under the terms of the Franchise Agreement, Cemusa is responsible for furnishing, installing and maintaining twenty Automated Pay Toilets throughout the City and admits that

pursuant to the Franchise Agreement Cemusa has the right to sell advertising space on the Automated Pay Toilets in accordance with the controls set forth in the Franchise Agreement.

63. Denies the allegations set forth in paragraph "63" of the complaint, except admits that the City has Franchise Agreements with several companies to provide Public Pay Telephone ("PPT") services in the City of New York, admits that the PPT Franchise Agreement authorizes the service provider to place advertising on certain PPTs and admits that pursuant to the Franchise Agreement, the PPT provider pays fees to the City for the right to advertise.

64. Denies the allegations set forth in paragraph "64" of the complaint, except admits that some of the PPTs on the City's streets have three advertising panels.

65. Denies the allegations set forth in paragraph "65" of the complaint, except admits that the City derives revenue from advertising on Public Pay Telephones.

66. Denies the allegations set forth in paragraph "66" of the complaint, except admits that some PPTs are located near curb lines.

67. Denies the allegations set forth in paragraph "67" of the complaint, and avers that the Zoning Resolution does not govern the use of the City's streets.

68. Denies the allegations set forth in paragraph "68" of the complaint, and avers that there are no photographs attached to the complaint.

69. Denies the allegations set forth in paragraphs "69" and "70" of the complaint, except admits that pursuant to the controls set forth in 34 RCNY § 2-14(b), the DOT Commissioner may issue a permits for the display of banners promoting certain cultural exhibits and events on property under DOT's jurisdiction.

70. Denies the allegations set forth in paragraph "71" of the complaint, except admits that if Fuel's advertisements are all approximately twenty-four square feet then the banners permitted by DOT are the same size as Fuel's advertisements.

71. Denies the allegations set forth in paragraph "72" of the complaint, and avers that there are no photographs attached to the complaint.

72. Denies the allegations set forth in paragraph "73" of the complaint, except admits pursuant to the controls set forth in Administrative Code Section 19-525, the TLC has issued permits for advertising on the rooftops of some New York City taxicabs.

73. Admits the allegations set forth in the first sentence of paragraph "74" of the complaint. Denies the allegations set forth in the second sentence of paragraph "74" of the complaint, except admits that a small number of the rooftop ads are permitted to contain scrolling or digital copy.

74. Denies the allegations set forth in paragraphs "75" and "76" of the complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint, except admits that the MTA has placed advertisements on some of its subway entrances, and denies plaintiff's allegation that "the MTA subway entrance signs are far more dangerous and unattractive than Fuel's panel signs allegedly are."

76. Denies the allegations set forth in paragraph "78" of the complaint, and avers that there are no photographs attached to the complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint, except admits that some of the MTA's busses bear advertisements.

78. Denies the allegations set forth in paragraph "80" of the complaint, and avers that pursuant to New York State Public Authorities Law Section 1204, subsection 13-a, the New York City Transit Authority may, notwithstanding the provisions of any local law, rule or regulation, "erect signs or other printed, painted or advertising matter on any property, including elevated structures, leased or operated by it or otherwise under its jurisdiction and control . . . ."

79. In response to paragraph "81" of the complaint, defendant repeats the responses to the paragraphs of the complaint incorporated by reference therein.

80. Admit the allegations set forth in paragraph "82" of the complaint, to the extent that the messages contained on plaintiff's panel signs are not misleading and do not relate to unlawful activity.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint.

82. Denies the allegations set forth in paragraphs "84," "85," 86," "87," "88," "89" and "90" of the complaint.

83. In response to paragraph "91" of the complaint, defendant repeats the responses to the paragraphs of the complaint incorporated by reference therein.

84. Denies the allegations set forth in paragraphs "92" and "93" of the complaint.

## FIRST AFFIRMATIVE DEFENSE

85. The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

86. The provisions of the New York City Zoning Resolution which regulate the placement and physical characteristics of signage in the City of New York are constitutional, valid and enforceable in all respects.

**THIRD AFFIRMATIVE DEFENSE**

87. Defendant has not violated any rights, privileges or immunities secured to the plaintiff by the constitution or laws of the United States nor has defendant violated any act of Congress providing for the protection of civil rights.

**FOURTH AFFIRMATIVE DEFENSE**

88. Plaintiff comes to this court without clean hands and is thus barred from obtaining the injunctive relief it seeks under the doctrine of unclean hands.

WHEREFORE defendant respectfully request a judgment dismissing the complaint, awarding defendant its costs and disbursements herein, including reasonable attorney's fees, and granting such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          October 29, 2007

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the
                                    City of New York
                                  Attorney for Defendants
                                  100 Church Street, Room 5-188
                                  New York, New York 10007
                                  (212) 788-1035

                                  By: _____
                                     Sheryl R. Neufeld (SK - 2728)
                                     Assistant Corporation Counsel