

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SHERYL R. NEUFELD
Senior Counsel
Administrative Law Division
phone: (212) 788-1035
fax: (212) 791-9714
email: sneufeld@law.nyc.gov

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 8 2008

March 17, 2008

**By Email**

Honorable Paul A. Crotty
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:  Metro Fuel, LLC. v. City of New York, 07CV8244 (PAC) (GWG)

Dear Judge Crotty:

      This office represents the City of New York in the above-referenced action, as well as the defendants in the consolidated Clear Channel and Atlantic matters (i.e. Clear Channel Outdoor, Inc. v. City of New York, 06CV8193 and Atlantic Outdoor Advertising Inc. v. City of New York, 06CV8219). I write on behalf of myself, and Eric Hecker, counsel for plaintiff Metro Fuel (as well as the Atlantic plaintiffs), to update your Honor on the parties' progress in completing discovery in the above-referenced Fuel matter, and to request your Honor's approval of a revised case management plan for the Fuel case.

      As an initial matter, we apologize for not writing sooner, however for the last several weeks Mr. Hecker and I have been in discussions regarding the scope of the stay of enforcement related to Fuel's signs and, because we thought it might be necessary to involve your Honor in those discussions, we felt it was appropriate to wait to write until we had a better understanding of how we were going to proceed on that front. Those issues remain unresolved today, however, because we are approaching the current discovery cut-off date, we did not want to delay writing to your Honor any longer. As your Honor is aware, in September 2007, the parties entered into an agreement staying enforcement actions against Fuel's panel signs. At the present time, that stay agreement covers some, but not all, of Fuel's signs and the parties are still working together towards an agreement of what do to about enforcement actions against those signs that are not covered by the stay. The revised case management plan set forth below presumes that there will be no application for interim relief, which is a goal shared by the parties,

**MEMO ENDORSED**    **MEMO ENDORSED**

however, at this time the City reserves all of its enforcement rights as to those signs not covered by the stay and Fuel reserves its right to seek interim relief if it feels compelled to do so.

As set forth in the case management plan entered by your Honor on November 29, 2007, all discovery in the Fuel matter is presently scheduled to conclude on March 31, 2008, which is the date on which discovery in the consolidated Clear Channel and Atlantic matters is set to conclude. However, as explained herein, the parties will not be able to complete discovery in the Fuel matter by March 31. The parties in the Clear Channel and Atlantic matters are currently in the process of working on factual stipulations and anticipate that they will have no problem completing fact discovery in by March 31. There is one open issue as to whether there will be a need for expert discovery on a narrow issue in those matters, which the parties intend to resolve in the next two weeks. If it appears that expert discovery is necessary, we may need to write to your Honor to request a slight modification to the schedule for briefing the parties' respective preliminary injunction and summary judgment motions, but such request is not anticipated to have an impact on the request set forth in this letter.

The parties' inability to complete the Fuel discovery as scheduled is due, in large part, to the demands of the Clear Channel and Atlantic discovery. Indeed, over the last several months, the City has continued to produce a substantial number of electronic and non-electronic documents to the plaintiffs and the parties have conducted a total of seven depositions with four more to follow in the coming weeks. While many of the documents, interrogatory responses and deposition transcripts from the Clear Channel and Atlantic matters will be used by Fuel, as the issues presented in the Fuel case are different from those in the Clear Channel and Atlantic matters, there is additional discovery that must be done before the parties are able to brief their intended summary judgment motions in the Fuel matter. Given that the Clear Channel and Atlantic actions were filed earlier than that Fuel actions, the parties agreed that fact depositions in the Clear Channel and Atlantic actions would be completed before depositions in the Fuel action would begin. Fuel served the City with initial responses to document requests and interrogatories in December and the City served Fuel with it's initial responses to Fuel's requests last Friday. Fuel also recently served the City with a second round of interrogatories and document requests which the City will respond to in the coming weeks. In addition, the parties anticipate that there will be at least six additional fact depositions taken to cover matters not relevant to the Clear Channel and Atlantic litigation, as well as expert depositions.

As a result, taking into consideration the fact that during the course of the next several months the parties will not only be briefing motions in the Clear Channel and Atlantic matters, but also attempting to complete discovery in the Fuel matter, the parties propose the following as their best estimate of a reasonable schedule to complete fact and expert discovery and motion practice in the Fuel case. Specifically, the parties propose: 1) a May 19, 2008 deadline for the completion of fact discovery; 2) expert reports to be served by June 2, 2008; 3) expert depositions to be completed by June 16, 2008; 4) a July 21, 2008 deadline for Fuel to serve its motion for a preliminary injunction and summary judgment; 5) an August 25, 2008 deadline for the City to oppose plaintiff's motion and cross-move for summary judgment; 6) a

September 25, 2008 deadline for Fuel to reply and oppose the City's motion; and 7) an October 20, 2008 deadline for the City to reply (this length of reply time is necessary due to the Jewish holidays in the Fall).

We recognize that when we appeared before your Honor for an initial pretrial conference on November 28, 2007, you expressed your preference to eventually have oral argument on the Clear Channel/Atlantic matters and the Fuel matter at the same time. Upon reflection, the parties believe that while the Clear Channel/Atlantic and the Fuel matters each deal with the City's regulation of outdoor advertising, the issues presented in the two cases are substantially different enough to warrant separate arguments. Indeed, the Clear Channel/Atlantic matters deal solely with the City's regulation of billboards near arterial highways, while the Fuel matter addresses signage regulation with regard to a particular size outdoor advertising sign found in virtually all areas of the City. However, should your Honor nonetheless wish to hold oral argument on these matters at the same time, we have used our best efforts not to extend the Fuel case management plan too far beyond the September 8, 2008 conclusion of the briefing schedule set for the Clear Channel and Atlantic matters. Indeed, as proposed, the Fuel briefing schedule will conclude six weeks after the final Clear Channel/Atlantic brief is submitted.

In addition, Mr. Hecker and I have consulted with Victor Kovner, counsel for Clear Channel, and he has no objection to the parties' request with regard to scheduling of the Fuel matter. We appreciate your Honor's consideration of our request, and we are happy to provide your Honor with additional information or to meet with you in person.

Respectfully submitted,

Sheryl R. Neufeld (SK 2728)
Assistant Corporation Counsel

cc: Eric Hecker, Esq.
Victor A. Kovner, Esq.
(by email)

*The schedule set forth above is adopted, but the Court will not hear separate oral arguments on these related matters. It will adhere to its original view.*

SO ORDERED: MAR 1 8 2008

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE