```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
```

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

------------------------------------- x

METRO FUEL, LLC,

           Plaintiff,

   - against -

THE CITY OF NEW YORK,

           Defendant.

------------------------------------- x

No. 07 Civ. 8244 (PAC) (DF)

## STIPULATION AND PROTECTIVE ORDER GOVERNING
## THE PRODUCTION AND EXCHANGE OF DISCOVERY MATERIAL

    WHEREAS, the parties believe that certain information and documents which have been and may be sought, produced and/or exhibited in the above-captioned consolidated actions (the "Litigation") contain confidential and sensitive commercial, financial, business or personal information.

    IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto through their undersigned counsel, subject to the approval of the Court, that this Stipulation and Protective Order Governing the Production and Exchange of Discovery Materials (the "Stipulation and Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information produced, given or exchanged by and among any and all of the parties and non-parties (individually, the "Producing Party") to the Litigation in connection with discovery or voluntary exchange of information in the Litigation (this information hereinafter referred to as "Discovery Material").

## DESIGNATION AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

1. A Producing Party may designate any Discovery Material which it has provided as "Confidential" that counsel in good faith believes contains or reflects non-public, confidential, proprietary, financial, or commercially or legally sensitive information.

2. Producing Party may designate any Discovery Material which it has provided as "Highly Confidential -- Attorneys' Eyes Only" that counsel believes in good faith contains or reflects information so commercially sensitive that disclosure may cause competitive harm to the Producing Party, including, but not limited to: financial data or results, information on leases, licenses and any other real property agreements, tax data, assets and liabilities, or accounting results; client or advertiser lists; competitive analyses; personnel files or data; product or business development and planning; personal financial, tax or employment information; business, management and marketing plans and strategies; and costs or pricing of goods and services.

3. A Producing Party may designate any Discovery Material that has already been produced as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" by notifying, in writing, the party to whom the production has been made that such Discovery Material constitutes "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material, in which event the Producing Party shall, at its own expense, provide new copies of the newly designated materials to the receiving party. The receiving party shall treat the Discovery Material as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material as so designated from the date of such notification forward.

4.      Discovery Material, or information derived therefrom, shall be used solely for purposes of the Litigation and shall not be used for any other purpose, including, without limitation, any business, commercial, regulatory or administrative purpose. Nothing in this Stipulation and Order shall be deemed to prevent the Defendant from reporting criminal or suspected criminal activity as required to discharge their duties under law; provided, however, Defendant specifically agrees that no Discovery Material will be used for purposes of enforcing the Zoning Resolution and related Local Laws and Department of Buildings Rules against the Plaintiff.

5.      The designation of Discovery Material as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" pursuant to this Stipulation and Order shall be made in the following manner by the Producing Party:

   a.   In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" to each page; where a document is produced in a magnetic or electronic medium (such as a computer disk or tape), the disk, cartridge, reel or medium container shall be marked as set forth above and an index shall be provided indicating which of the documents therein are confidential;

   b.   In the case of documents or other materials (apart from depositions or other pretrial testimony), only a single designation of "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" should be made for a given document and the highest level of confidentiality applicable to any portion of such document or other materials shall apply to the entire document; and

      c.      In the case of depositions or other pretrial testimony: by (i) a statement on the record, by counsel, that certain information or testimony is "Confidential" or "Attorneys' Eyes Only," or (ii) written notice, sent by counsel to all parties within five (5) business days of the receipt of the transcript, providing that the entire deposition transcript or testimony, or part thereof, is so designated. Unless a statement is made on the record by counsel at the time of the deposition or other pretrial testimony, all deposition and other pretrial testimony shall be deemed to be "Highly Confidential -- Attorneys' Eyes Only" until the expiration of the fifth business day after counsel receive a copy of the transcript thereof. Only those portions of the transcripts or testimony designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" in the Litigation shall be so deemed. Counsel shall not permit deposition transcripts to be distributed to persons beyond those authorized herein to receive "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" materials until the relevant period for the designation has expired.

      6.      Inadvertent failure to designate material as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such material as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" in a manner consistent with this Paragraph 6, in which event the Producing Party shall, at its own expense, provide new copies of the newly designated materials to the receiving party. The party receiving such supplemental written notice shall thereafter treat materials so designated as "Confidential" or "Attorneys' Eyes Only," and such materials shall be fully subject to this Order as if they had been initially so designated. A person disclosing Discovery Material that is subsequently designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall in good faith assist the Producing Party in retrieving such material from all recipients, which as a result of that subsequent designation, are

not entitled to receive such material under the terms of this Stipulation and Order and prevent further disclosures except as authorized under the terms or this Stipulation and Order.

## DISCLOSURE OF "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" DISCOVERY MATERIAL

7. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part by the party to whom such materials are produced or disclosed only to the following persons, who shall be bound thereby by the terms of this Stipulation and Order. All such persons (excluding those listed in subsections (f) and (g) below) shall sign the Acknowledgement of Confidentiality annexed hereto as Exhibit A.

    a. Counsel who represent parties in this Litigation (and/or counsel who represent parties in *Atlantic Outdoor Advertising, Inc. v. City of New York*, No. 06 Civ. 8219, or *Clear Channel Outdoor, Inc. v. City of New York*, No. 06 Civ. 8193) and whose law firm has entered an appearance in this Litigation and regular and temporary employees[1] and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Stipulation and Order;

    b. Subject to Paragraphs 11 and 12 hereof, experts or consultants or translators assisting counsel for parties that have appeared in this Litigation;

    c. Subject to Paragraphs 9 and 10 hereof, witnesses or deponents, during their examinations, who counsel for an examining party believes in good faith have a need to review such material;

---

[1] Counsel of record may sign the Acknowledgement of Confidentiality on behalf of their regular and temporary employees and shall instruct their employees to maintain the confidentiality of the Discovery Material as set forth herein.

       d.      The parties and the directors, officers, employees and general or limited partners of the parties, any subsidiary or affiliate thereof, or any insurers or reinsurers of the parties, who are assisting the parties in this Litigation;

       e.      Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

       f.      The Court and its employees;

       g.      Court reporters employed in connection with this Litigation; and

       h.      Any other person only upon order of the Court or stipulation of the Producing Party.

       8.      Discovery Material that is designated as "Highly Confidential - - Attorney's Eyes Only" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part by the party to whom such materials are produced or disclosed only to persons listed in Paragraph 7, subparagraphs (a), (b), (e), (f), (g) and (h), and to David Karnovsky, Esq., General Counsel to City Planning.

       9.      A witness produced by a party or non-party may be shown any Discovery Material designated "Highly Confidential -- Attorneys' Eyes Only" during the course of his/her examination (a) if counsel for the examining party believes in good faith that such a witness has a need to review such material, (b) if that witness is employed by the same entity, including any subsidiary or affiliate thereof, as a person indicated on the face of such a document to be the author or addressee, and (c) further provided that such deponent or witness signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order and agreeing not to disclose or use any

Discovery Material in a manner or for purposes other than those permitted hereunder. Prior to showing the "Highly Confidential Discovery -- Attorneys Eyes Only" Material to the deponent, counsel for the examining party shall notify the producing party of the Discovery Material to be shown to the deponent and shall provide counsel for the producing party with the opportunity to object to the disclosure. In the event that any disagreement between counsel cannot be resolved, the parties shall contact the Court prior to disclosure of the "Highly Confidential -- Attorneys Eyes Only" Discovery Materials to the deponent.

10. In the event that an expert incorporates "Confidential" or "Highly Confidential -- Attorneys Eyes Only" Material in his or her expert report, that section of the report shall be marked with the appropriate confidentiality designation and may only be disclosed to those parties permitted to review such information under Paragraphs 7 and 8.

### ACKNOWLEDGEMENT TO BE BOUND BY ORDER

11. "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material may be provided to persons listed in Paragraph 7(b) above to the extent necessary to assist counsel in the prosecution or defense of this Litigation, provided that such expert, consultant or translator (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any other party to this Litigation and (ii) is using said material solely in connection with this Litigation; and further provided that such expert, consultant or translator signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order and agreeing not to disclose or use any Discovery Material in a manner or for purposes other than those permitted hereunder.

12. Counsel for the party showing "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material to any person required to execute an undertaking

shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Counsel shall not be required to produce in discovery executed copies of the undertaking signed by non-testifying experts unless good cause is shown.

### LIMITATION ON DISCLOSURE AND USE

13. "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material shall not be made available to any person except as authorized under this Stipulation and Order. "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material shall not be used for any purpose other than the prosecution, defense or settlement of claims of any sort asserted in this action. In no event shall any person receiving "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material use it for commercial or competitive purposes or make any public or private disclosure of its contents.

### SUBMISSION OF "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" DISCOVERY MATERIAL TO THE COURT

14. The submission of all documents and pleadings to be filed with this Court, including, but not limited to, motions, transcripts of depositions or trial testimony, exhibits, physical evidence, answers to interrogatories, document requests, or requests for admission, briefs and memoranda, which comprise or contain "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material shall proceed as follows:

    a. The submitting party shall provide a complete and unredacted version of such submission directly to Chambers, accompanied by a redacted version of such submission excluding those portions which the party believes in good faith to contain or reflect "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material;

    b. The submitting party shall deliver to the Clerk of this Court for filing in the public record the redacted version of such submission, and shall provide the Clerk of this

Court with an unredacted version of the submission that shall be filed under seal until further order of this Court;

    c.    Both the redacted and unredacted versions of such submission shall be served on counsel of record to the parties to this Litigation and treated in accordance with the terms of this Stipulation and Order.

    d.    Following any such submission, the parties agree to confer to determine whether any additional material may be unredacted for purposes of the public record and will be available to address any questions or concerns that the Court may have regarding the redactions applied, and

    e.    In the event of a failure of the attorney for the submitting party to redact "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material, attorneys for any Producing Party may seek relief of the Court to implement appropriate redactions.

15.    Nothing in this Stipulation and Order shall prevent a party from using any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material at trial or at a hearing. In advance of or at any such hearing or trial, a party or non-party may seek available relief from the Court, including relief limiting disclosure and the manner thereof of "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material during the course of any such proceeding to persons authorized to receive disclosure by this Stipulation and Order.

## OBJECTIONS TO DISCLOSING PARTY'S DESIGNATION

16.    During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" or the application of any provision of this Stipulation and Order may, after making a

good faith effort to resolve any such objection, move for an order vacating the designation or the application of said provision.

17.  While such an application is pending, the Discovery Material or testimony in question shall be treated as designated by the Producing Party pursuant to this Stipulation and Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

## NO ADMISSION

18.  Entering into, agreeing to and/or producing or receiving "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

    a.  Constitute an admission that any document designated "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" contains or reflects trade secrets or any other type of confidential information;

    b.  Prejudice in any way the rights of the parties or non-parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party or non-party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party or non-party to be "Confidential" or "Attorneys' Eyes Only",

    c.  Prevent the parties or, if appropriate, non-parties from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

    d.  Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order; or

  e. Prejudice in any way the rights of a party or non-party to seek further protection or a determination by the Court whether any Discovery Material designated as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" should be subject to the terms of this Stipulation and Order, except that when a party objects to the designation of Discovery Material as "Confidential" or "Attorneys' Eyes Only", compliance with Paragraphs 16 and 17 is required.

## INADVERTENT PRODUCTION

19. The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery as attorney work-product or by reason of any other applicable privilege, protection or immunity, including without limitation the attorney-client privilege, and no party or non-party shall be held to have waived any rights by such inadvertent production. If a claim of inadvertent production is made pursuant to this Paragraph 19 with respect to information then in the custody of another party, such party shall immediately return to the claiming party or person that material as to which the claim of inadvertent production has been made and all copies thereof (including any and all copies from any litigation-support or other database), and the receiving party shall destroy all notes or other work product reflecting the contents of such material, and shall not use such information for any purpose other than in connection with a motion to compel. The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering said Order the fact or circumstance of the inadvertent production. If the party receiving notice of inadvertent production does elect to move the Court for an Order compelling production, that party may keep one copy of the inadvertently produced Discovery Material to be used only in connection with that motion. The parties and non-parties agree that permission to keep the one copy for the sole

purpose of that motion shall not be grounds for arguing that the document is not privileged or that any privilege was waived.

## INDEPENDENTLY OBTAINED MATERIAL

20. Nothing herein shall impose any restrictions on the use or disclosure by a party or non-party of documents, materials or information designated as "Confidential" or "Attorneys' Eyes Only" that have been obtained lawfully by such party or non-party independently of the discovery proceedings in this Litigation.

## NON-PARTIES

21. The parties to the Litigation agree that the production or disclosure of any Discovery Material by or to any non-party to the Litigation shall be subject to and governed by the terms of this Stipulation and Order.

## CONCLUSION OF LITIGATION AND RETURN OF DISCOVERY MATERIAL

22. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom. Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party or non-party that produced it or destroy all such Discovery Material and certify that fact to counsel for the Producing Parties. Outside counsel for the parties shall be entitled to retain court papers, depositions and trial transcripts and attorney work product that contain or reflect "Confidential" or "Highly

Confidential -- Attorneys' Eyes Only" Discovery Material, provided that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof and shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement by the Producing Party.

## VIOLATION

23. The parties to the Litigation agree to be bound by the terms of this Stipulation and Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of the Stipulation and Orders shall be subject to the same sanctions and penalties as if the Stipulation and Order had been entered by the Court.

24. In the event any legal or natural person violates or threatens to violate the terms of this Stipulation and Order, an aggrieved party or non-party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulation and Order. The parties and any other person subject to the terms of this Stipulation and Order agree that this Court shall retain jurisdiction over it and them for purposes of enforcing this Stipulation and Order. If "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material is disclosed in violation of this Stipulation and Order, the party or other person who caused, permitted or was otherwise responsible for the disclosure shall immediately inform the Producing Party of all pertinent facts relating to the disclosure, and shall make every effort to prevent any further disclosure, including any disclosure by any person who received any "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material in violation of this Stipulation and Order.

25. Nothing in this Stipulation and Order shall preclude any party or non-party from seeking judicial relief, upon notice to the other parties or, if appropriate, non-parties, with regard to any provision hereof.

## AMENDMENT

26. Any paragraph, provision, or procedure set forth in this Stipulation and Order may be amended or modified by the Court, upon written consent of all parties to the Litigation (and, to the extent relevant to Discovery Material produced by a non-party, written consent of such non-party) or upon motion by any party upon notice to all other parties and affected non-parties.

## MISCELLANEOUS

27. This Stipulation and Order has no effect upon, and shall not apply to, the parties and non-parties use of their own "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material for any purpose.

28. In the event additional parties join or are joined in this Litigation, they shall not have access to "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

29. It is the present intention of the parties that the provisions of this Stipulation and Order shall govern discovery in this Litigation. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation and Order, or relief therefrom, by application to the Court on notice to the other parties hereto.

30. If any person receiving documents covered by this Stipulation and Order (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand seeking Discovery Material, or the Receiver determines in good faith that it is required to disclose Discovery Material by applicable law, legal process or regulation, the Receiver shall (i) give prompt written notice by email and hand or facsimile transmission within three (3) business days of making such determination or of receipt of such subpoena or document demand to those who produced the Discovery Material (the "Required Disclosure Notice") and

(ii) refrain from producing any Discovery Material until the earlier of (a) receipt of written notice from the Producing Party that such party does not object to production of the designated Discovery Material or (b) resolution of any objection asserted by the Producing Party either by agreement or by final order of the Court or other body with jurisdiction over the objection of the Producing Party. The burden of opposing the enforcement of the subpoena shall fall solely upon the party who produced the Discovery Material. Unless the party who produced the Discovery Material seeks an appropriate stay from the court with jurisdiction or other body to whom discovery must be made within five (5) business days of receiving the Required Disclosure Notice or such further date as the Court may set for such objections or the parties may agree, the Receiver shall be permitted to produce documents as described in the Required Disclosure Notice. Compliance by the Receiver with any order directing production of any Discovery Material shall not constitute a violation of this Stipulation and Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order directing production of Discovery Material covered by this Stipulation and Order, or to subject himself or itself to any penalties for non-compliance with legal process or order, or to seek any relief from this Court.

Dated: New York, New York
       March 26, 2008

EMERY CELLI BRINCKERHOFF & ABADY LLP

By: _____
Eric Hecker (EH 0989)

75 Rockefeller Plaza, 20th Floor
New York, N.Y. 10019
(212) 763-5000

*Attorneys for Plaintiff*

Dated: New York, New York
       March 26, 2008

OFFICE OF CORPORATION COUNSEL OF THE
CITY OF NEW YORK

By: _____
Sheryl R. Neufeld (SK 2728)
Assistant Corporation Counsel

100 Church Street, Room 5-199
New York, NY 10007
(212) 788-1035

*Attorneys for Defendant*

SO ORDERED
this 27th day of March, 2008

_____
U.S.D.J.

# EXHIBIT A

## Acknowledgment of Confidentiality

I have read the Stipulation and Order of Confidentiality (the "Stipulation") entered on _____, 2008 in the action entitled *Metro Fuel, LLC v. City of New York*, No. 07 civ. 8244 (Crotty, J.). I understand the responsibilities and obligations that the Stipulation imposes on persons viewing the Designated Material, as defined in the Stipulation, and I hereby agree to be bound by all of its terms.

Dated:

_____