UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

METRO FUEL LLC,                                                          No. 07-VC-8244 (PAC)

       Plaintiff,

   vs.

CITY OF NEW YORK.

       Defendant.

------------------------------------------------------------------------x

## DECLARATION OF MICHAEL A. FREEDMAN

       MICHAEL A. FREEDMAN declares under penalty of perjury, pursuant to 28

U.S.C. § 1746, that the following is true and correct:

    1.      I am the Chief Executive Officer of Fuel Outdoor Holdings, LLC, the parent of

the plaintiff in this case, Metro Fuel LLC ("Fuel").

    2.      Fuel operates approximately 440 panel signs in New York City.  Fuel's panel

signs measure approximately 69 inches tall by approximately 48 inches wide.  They are

internally illuminated, meaning that they contain posters that are lit by fluorescent bulbs placed

behind the posters.

    3.      Fuel's panel signs generally are situated in one of several ways:  the vast majority

of them (approximately 76.7%) are placed in, on, or near parking garages, either inside the door

to the garage, cantilevered above or near the garage door, or affixed to the exterior of the garage.

Approximately 14.4% of them are affixed to the exteriors of other mixed use commercial

properties.  The remaining approximately 8.8% are located in parking lots, either affixed to an

adjacent building or mounted on a pole.  Fuel typically rents space from the landlord in exchange

for the right to place a panel sign on or inside of the property.

4.       Fuel's panel signs are made available to national and local advertisers on an "all

comers" basis in a fashion similar to newspaper, magazine, and broadcast advertising.  Fuel's

panel signs may be used to display a variety of commercial and noncommercial messages,

including political, religious, charitable, and public service messages.

5.       Fuel markets its panel signs to prospective advertisers on a "reach and frequency"

basis based on the demographics of the location area.  Fuel does not specifically market its panel

signs as visible to motorists.

6.       Fuel's panel signs compete directly with the street furniture advertising signs –

primarily bus shelters, newsstands, and public pay telephones – with which the City has

blanketed its sidewalks in recent years.  Fuel sells advertising space on its panel signs to many of

the very same advertisers that are contracting with the City's franchisees to place the very same

advertising copy on the City's street furniture.  Indeed, with thousands of street furniture signs in

play, the City of New York is not just Fuel's regulator.  It is, through its franchisees, by far

Fuel's biggest competitor in the marketplace.

7.       The vast majority (approximately 93%) of Fuel's panel signs are located in zoning

districts in which, according to the regulations being challenged in this case, internally

illuminated advertising signs purportedly are prohibited.

8.       Attached as Exhibit A are photographs that fairly and accurately depict a

representative sample of Fuel's panel signs.  The first photograph depicts a Fuel panel sign on a

pole in a parking lot; the second depicts Fuel panel signs affixed to the exterior of a mixed-use

commercial property; the third depicts is a Fuel panel sign cantilevered on a parking lot; the

fourth depicts a Fuel panel sign inside the door to a parking garage; and the fifth depicts a Fuel

panel sign on a parking garage.

9.      I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge.

Dated: July 28, 2008
New York, New York

_____/s_____
MICHAEL A. FREEDMAN