Exhibit I

CITY PLANNING COMMISSION

February 18, 1998 / Calendar No. 29                     N 980135 ZRY

IN THE MATTER OF an application submitted by the Department of
City Planning, pursuant to Section 201 of the New York City
Charter, for amendments of the Zoning Resolution of the City of
New York, relating to Sections 12-10, 22-32, 22-33, 22-331, 22-
332, 22-35, 32-421, 32-422, 32-62, 32-64, 32-645, 32-651, 32-652,
32-653, 32-661, 32-67, 32-68, 32-69, 36-56, 36-685, 37-011, 37-
014, 37-016, 42-52, 42-53, 42-531, 42-541, 42-55, 44-45, 44-585,
52-733, 52-734, 52-81, 52-82, 72-40, 73-211, 73-241, 73-242, 73-
25, 73-35, 74-47, 74-744, 81-141, 82-24, 93-34, 94-066, 97-112,
108-112, 109-24, 112-00, 112-123, 115-046, 117-423, 118-12, 121-
20, 122-20, concerning signs.

This application for an amendment of the Zoning Resolution was

filed by the Department of City Planning on October 14, 1997.

The proposed amendment to Section 12-10 (DEFINITIONS) removes or

reformulates most of the exemptions contained in the definition

of "sign" and replaces them with a single exemption, changes the

definition of "advertising sign" to clarify that only signs

referencing commercial activity conducted on other zoning lots

are to be included within the definition, and deletes the

definition of "business sign" as unnecessary. Additional changes

would be made to other signage regulations contained in the

Zoning Resolution to respond to the definitional changes. The

application was subsequently revised on December 19, 1997, to

include certain related text for readoption in order to affirm

its continuing effectiveness, and on January 27, 1998, to clarify

that signs to be exempt from the provisions of the Resolution

shall not be illuminated.

NYC006153

The effect of the amendment would be to clarify that non-commercial signs and signs relating to businesses conducted on a zoning lot are subject to a uniform set of regulations, while advertising signs are subject to additional regulations. The amendment would address issues raised in recent and on-going court proceedings relating to the definition of an "advertising sign." It would also respond to challenges that the current signage regulations favor commercial speech over non-commercial speech, as well as certain types of non-commercial speech over other non-commercial speech.

**BACKGROUND**

Signs are currently defined in the Zoning Resolution and regulated with respect to surface area, illumination, height, projection and location. The regulations differ depending on the zoning district in which the sign is located. In many instances, the regulations also differ depending upon whether the sign is considered an "advertising sign" or a "business sign."

As defined in the Zoning Resolution, a sign is any writing (including letter, word, or numeral), pictorial representation (including illustration or decoration), emblem (including device, symbol or trademark), flag (including banner or pennant), or any other figure or similar character represented on a building, or visible from outside a building if illuminated and located in a

N 960135 ZRY

NYC006154

window, used to announce, direct attention to, or advertise. The definition states that certain signs are exempt from regulation, including governmental signs, flags and emblems for political, civic, philanthropic, educational, or religious organizations, and memorial signs and tablets.

The Zoning Resolution also defines two general classes of signs: "business signs" and "advertising signs." Business signs are defined as accessory signs that direct attention to activities or establishments located on the same zoning lot as the sign. Advertising signs are defined as signs that direct attention to activities, businesses, or products conducted or sold elsewhere. There is no separate definition for signs containing solely non-commercial speech, and all of the signage regulations contained in the Zoning Resolution for commercial and manufacturing districts apply either to business or advertising signs.

There are a number of distinctions made in the Zoning Resolution between business signs and advertising signs. Business signs are permitted in all commercial districts, subject to size, illumination and location controls, and all manufacturing districts. Advertising signs are permitted only in C6-5, C6-7, C7, C8, and all manufacturing districts. Advertising signs are prohibited within 200 feet of major arterial highways and public parks of a half-acre or more in size, and are subject to size controls beyond 200 feet from such parks and arterial highways.

3

N 980135 ZRY

NYC006155

In general, business signs are not.   Advertising signs are also prohibited on adjacent waterways and within 100 feet of the streetline of a street adjoining a residential district.   There are additional controls on illuminated advertising signs and projecting advertising signs in certain commercial districts as well.

Advertising signs are not permitted in residential districts. Other signs are generally limited to identification signs for each use or dwelling, bulletin boards for certain community facilities, and an additional amount of illuminated signage for hospitals.  "For sale" and "for rent" signs no more than 12 square feet in dimension per zoning lot are also permitted in residential districts.

## City of New York v. Omni Outdoor Advertising, Inc.

Since the Zoning Resolution only establishes regulations for advertising and business signs, there has been uncertainty as to how signs containing only non-commercial copy are to be treated. In a recent court decision made in response to a City enforcement proceeding, a supreme court justice concluded that such a sign would be considered an advertising sign.  The justice also concluded that because of this classification, non-commercial signs were regulated more stringently than commercial business signs, which is contrary to constitutional prohibitions against

N 980135 ZRY

4

NYC006156

NYC006157

favoring commercial speech over non-commercial speech. The justice also concluded that the exemptions contained in the definition of the term "sign" resulted in the favoring of certain sorts of non-commercial speech over other non-commercial speech, which is prohibited by the Constitution.

## Proposed Amendments

The proposed amendment would eliminate all of the existing exemptions in the definition of "sign" and would replace them with a single exemption for non-illuminated signs containing solely non-commercial speech having an aggregate surface area per zoning lot of 12 square feet or less. This exemption would allow for most of the types of signs exempted under the current definition, subject to size limitations, as well as any other sort of non-commercial speech to be located on any zoning lot on a limited basis.

This amendment would eliminate the definition of "business sign" and would replace all references to "accessory business signs" throughout the Zoning Resolution with "signs," or "signs other than advertising signs". This change would ensure that signs containing solely non-commercial speech will be treated in a uniform manner as signs relating to commercial uses or activities located on the zoning lot.

5                                                          N 980135 ZRY

The definition of advertising sign would be changed to make it clear that signs containing commercial copy will be considered to be advertising signs unless it can be demonstrated that they are accessory to a use located on the same zoning lot.

A new Section 22-331 would be added and Section 32-62 would be changed to permit flags, banners, and pennants on zoning lots predominantly occupied by certain community facility uses, other than flags, banners, or pennants meeting the definition of an advertising sign. This change would allow for additional opportunities to locate non-commercial signs, as well as signs relating to activities on the zoning lot, where significant numbers of people congregate for non-commercial purposes.

## Unaffected Text

The principal purpose of the text amendment is to maintain the existing set of zoning controls governing the size, illumination and location of signs in a manner that does not give preferences to commercial speech over non-commercial speech or preferences to certain sorts of non-commercial speech over other non-commercial speech. As such, the current proposal would not affect the substantive regulations for signs, such as the provisions relating to size or illumination of signs in any zoning district. However, in order to affirm the continuing effectiveness of certain unchanged sections of the Zoning Resolution concerning

6                                                    N 980135 ZRY

NYC006158

signs, Section 42-53 would be readopted in its entirety and portions of Sections 12-10 and 42-52 would also be readopted in their entirety.

**ENVIRONMENTAL REVIEW**

This application (N 980135 ZRY) was reviewed pursuant to the New York State Environmental Quality Review Act (SEQRA), and the SEQRA regulations set forth in Volume 6 of the New York Code of Rules and Regulations, Section 617.00 et seq. and the City Environmental Quality Review (CEQR) Rules of Procedure of 1991 and Executive Order No. 91 of 1977.  The designated CEQR number is 98DCP022Y.  The lead is the City Planning Commission.

After a study of the potential environmental impact of the proposed action, a Negative Declaration was issued on October 20, 1997.

Two revisions were made to the proposal.  On February 17, 1998, it was determined that the revisions were minor and that the Negative Declaration issued on October 20, 1997 remains valid.

**PUBLIC REVIEW**

On October 20, 1997, this text change application was referred to all Community Boards, Borough Presidents, and Borough Boards for

---

NYC006159

NYC000160

information and review in accordance with the procedure for referring non-ULURP matters.

**Community Board Review**

The Commission received the following recommendations:

The Commission received recommendations from ten community boards. Nine community boards voted in favor of the proposal. They include Bronx Community Board 11, Brooklyn Community Boards 12 and 15, Manhattan Community Boards 2 and 8, Queens Community Boards 2 and 3, and Staten Island Community Boards 1 and 3. Brooklyn Community Board 13 opposed the application, citing an inadequate amount of time to review the matter.

**Borough President Review**

This application was considered by the Brooklyn Borough President, who issued a recommendation on December 4, 1997, approving the application with the following comments:

> I am pleased that the effect of the modification would be to clarify that noncommercial signs and signs relating to businesses conducted on a zoning lot are subject to a uniform set of regulations, while 'advertising signs' are subject to additional regulations.
>
> One issue that the proposal does not address pertains to business signs in conjunction with medical offices

N 980135 ZRY

·in Residence·Districts.  I have received numerous
complaints regarding oversized and/or illuminated signs
for medical offices.  The City Planning Commission
(CPC) needs to review the existing sign text provisions
in this regard to determine whether the text contains
adequate restrictions.

**Borough Board Review**

This application was considered by the Queens Borough Board,

which issued a recommendation on December 15, 1997, approving the

application.

**City Planning Commission Public Hearing**

On January 7, 1998, (Calendar No. 1), the City Planning

Commission scheduled January 21, 1998, for a public hearing on

this application (N 980135 ZRY).  The hearing was duly held on

January 21, 1998 (Calendar No. 8).

There were no speakers and the hearing was closed.

**Waterfront Revitalization Program Consistency Review**

This application was reviewed by the Department of City Planning

for consistency with the policies of the New York City Waterfront

Revitalization Program (WRP), adopted by the Board of Estimate on

September 30, 1982 (Calendar No. 17), pursuant to the New York

---

9

NYC006161

State Waterfront Revitalization and Coastal Resources Act of 1981 (New York State Executive Law, Section 910 et seq.).  The designated WRP number is 97-110.

This action was determined to be consistent with the policies of the New York City Waterfront Revitalization Program.

**CONSIDERATION**

The Commission believes that this amendment to the Zoning Resolution, as revised on December 19, 1997 and January 27, 1998, is appropriate.

The amendment will ensure that non-commercial signs are to be treated in the same way as signs containing commercial messages. By eliminating references to "business signs," the proposed text would ensure that a single set of rules for signs, other than advertising signs, applies to all zoning lots.

The Commission notes that the proposed revision to the definition of "advertising sign" would make it clear that a sign containing commercial copy will be considered to be an advertising sign unless it can be demonstrated that the sign is accessory to a use located on the same zoning lot.  The Commission notes that the Department of Buildings will be guided by the definition of "accessory use" contained in the Zoning Resolution to make the

---

10

N 980135 ZRY

NYC006162

determination as to whether a sign is an advertising sign.

The Commission also notes that the proposed single exemption in the definition of "sign" will ensure that there will be no preference for one form of non-commercial speech over another. Replacing the present list of exempted signs with a single exemption for small non-illuminated signs limited to non-commercial speech adequately achieves the ends sought by the proposal.

The Commission acknowledges the recommendation of the Brooklyn Borough President to review sign regulations for medical offices located in residence districts.  However, the proposed text change would not affect existing regulations for signs, including provisions relating to size, illumination, height, projection and location of signs in any zoning district.  The entirety of Sections 12-10 and 42-52, including the portions thereof proposed to be amended by this text change, and Section 42-53 in its entirety, should be readopted to give the Law Department flexibility in addressing issues raised in the recent court case.

The Commission believes that certain community facility uses should be afforded the opportunity to have flags, banners, and pennants -- as long as they are not advertising signs. Significant numbers of people congregate for non-commercial purposes at civic, philanthropic, educational or religious

---

11                                           N 980135 ZRY

NYC006163

institutions. Under current zoning regulations, museums, for example, often have banners announcing an exhibit, and the banners present no undue land use impacts. Those sign rules should be continued as limited by the proposed zoning text change. The Commission notes that flags, banners and pennants containing solely non-commercial speech could be located on these zoning lots.

**RESOLUTION**

RESOLVED, that the City Planning Commission finds that the action described herein will have no significant impact on the environment; and be it further

RESOLVED, that the City Planning Commission, in its capacity as the City Coastal Commission, has reviewed the waterfront aspects of this application and finds that the proposed action is consistent with WRP policies; and be it further

RESOLVED, by the City Planning Commission, pursuant to Section 200 of the New York City Charter, that based on the environmental determination and consideration described in this report, the Zoning Resolution of the City of New York, effective as of December 15, 1961, and as subsequently amended, is further amended as follows:

---

N 980135 ZRY

NYC006164

Matter in ░graytone░ is new, to be added;
Matter in ~~strikeout~~ is old, to be deleted;
Matter within #   # is defined in Section 12-10;
*** indicates where unchanged text appears in the Zoning
Resolution
Text not in graytone or strikeout is to be readopted

12-10
DEFINITIONS

***

Advertising sign - see Sign, advertising

***

~~Business sign   see Sign, business~~

***

Flashing sign - see Sign, flashing

***

Illuminated sign - see Sign, illuminated

***

Sign

A "sign" is any writing (including letter, word, or numeral),
pictorial representation (including illustration or decoration),
emblem (including device, symbol, or trademark), flag, (including
banner or pennant), or any other figure of similar character,
that:

(a)   is a structure or any part thereof, or is attached to,
      painted on, or in any other manner represented on a
      #building or other structure#;

(b)   is used to announce, direct attention to, or advertise; and

(c)   is visible from outside a #building#.  A #sign# shall
      include writing, representation, or other figures of similar
      character, within a #building#, only when illuminated and
      located in a window.

However, non-#illuminated# signs containing solely non-commercial
copy with a total #surface area# not exceeding 12 square feet on
any #zoning lot#, including memorial tablets or signs displayed

---

13                                      N 980135 ZRY

NYC006165

~~for the direction or convenience of the public. The following~~
~~shall not be subject to the provisions of this Resolution:~~

~~(1)   Signs of a duly constituted governmental body, including~~
~~traffic or similar regulatory devices, legal notices, or~~
~~warnings at railroad crossings,~~

~~(2)   Flags or emblems of a political, civic, philanthropic,~~
~~educational or religious organization,~~

~~(3)   Temporary signs announcing a campaign, drive, or event of~~
~~the above organizations,~~

~~(4)   Memorial signs or tablets,~~

~~(5)   Signs denoting architect, engineer, or contractor when~~
~~placed on construction sites and not exceeding 25 square~~
~~feet in area,~~

~~(6)   Signs required to be maintained by law or governmental~~
~~order, rule, or regulation, with a total #surface area# not~~
~~exceeding ten square feet on any #zoning lot#,~~

~~(7)   Small signs displayed for the direction or convenience of~~
~~the public, including signs that identify rest rooms,~~
~~freight entrances, or the like, with a total #surface area#~~
~~not exceeding five square feet on any #zoning lot#.~~

Sign, advertising

An "advertising sign" is a #sign# that directs attention to a
business, profession, commodity, service or entertainment
conducted, sold, or offered elsewhere than upon the same #zoning
lot# and is not #accessory# to a #use# located on the #zoning
lot#.

~~Sign, business (12/15/61)~~

~~A "business sign" is an #accessory sign# that directs attention~~
~~to a profession, business, commodity, service or entertainment~~
~~conducted, sold, or offered upon the same #zoning lot#.~~

                              * * *

Sign, flashing (12/15/61)

A "flashing sign" is any #illuminated sign#, whether stationary,
revolving or rotating, that exhibits changing light or color
effects, provided that revolving or rotating #signs# that exhibit
no changing light or color effects other than those produced by
revolution or rotation, shall be deemed #flashing signs# only if

14

N 980135 ZRY

NYC006166

they exhibit sudden or marked changes in such light or color effects.

#Illuminated signs# that indicate the time, temperature, weather or other similar information shall not be considered #flashing signs#, provided that:

(a)   the total #surface area# of such #sign# is not greater than 16 square feet;

(b)   the vertical dimension of any letter or number is not greater than 24 inches; and

(c)   color or intensity of light is constant except for periodic changes in the information displayed, which occur not more frequently than once every minute.


Sign, illuminated (12/15/61)

An "illuminated sign" is a #sign# designed to give forth any artificial light or reflect such light from an artificial source.


Sign, surface area of - see Surface area (of a sign)


Sign with indirect illumination (12/15/61)

A "sign with indirect illumination" is any #illuminated# non-#flashing sign# whose illumination is derived entirely from an external artificial source and is so arranged that no direct rays of light are projected from such artificial source into #residences# or #streets#.

***

Surface area (of a sign)

The "surface area" of a #sign# shall be the entire area within a single continuous perimeter enclosing the extreme limits of writing, representation, emblem, or any figure of similar character, together with any material or color forming an integral part of the display or used to differentiate such #sign# from the background against which it is placed.  In any event, the supports or uprights on which such #sign# is supported shall not be included in determining the #surface area# of a #sign#.

When two #signs# of the same shape and dimensions are mounted or displayed back to back and parallel on a single free-standing structural frame, only one of such #signs# shall be included in

_____

15                                                      N 980135 ZRY

NYC006167

computing the total #surface area# of the two #signs#.

When a double-faced #sign# projects from the wall of a #building#, and its two sides are located not more than 28 inches apart at the widest point and not more than 18 inches apart at the narrowest point, and display identical writing or other representation, the #surface area# shall include only one of the sides.  Any additional side of a multi-faced #sign# shall be considered as a separate #sign# for purposes of computing the total #surface area# of the #sign#.

\*\*\*

22-30
SIGN REGULATIONS

\*\*\*

22-32
Permitted Non-Illuminated Accessory Signs

R1 R2 R3 R4 R5 R6 R7 R8 R9 R10

In all districts, as indicated, non-#illuminated accessory business signs# are permitted as set forth in this Section, subject to the provisions of Section 22-34 (Additional Regulations)..

\*\*\*

22-33
Signs on Lots Containing Certain Community Facilities

22-331
Permitted Illuminated Accessory Signs for Hospitals and Related Facilities

R1 R2 R3 R4 R5 R6 R7 R8 R9 R10

In all districts, as indicated, for hospitals and related facilities #illuminated# non-#flashing accessory business signs# are permitted in all districts, subject to Section 22-34 (Additional Regulations).  Any number of #illuminated# non-#flashing# identification or directional #signs# are permitted, provided that the total #surface area# in square feet of said #illuminated signs# or the combined total #surface area# in square feet of the #illuminated# and non-#illuminated# identification or directional #signs# does not exceed 25 square feet on any one #street# frontage or 15 percent of such #street# frontage in feet, whichever is less, and provided further that the Commissioner of Buildings determines that such #signs# are so

16                                                          N 980135 ZRY

NYC006168

located as to cause a minimum amount of light to be projected on
to abutting or adjacent #residences#.  In addition to
#illuminated# or non-#illuminated accessory ~~business~~ signs#, one
illuminated non-flashing directory or bulletin board or
combination thereof is permitted in lieu of a non-illuminated
directory or bulletin board or combination thereof provided that
the total #sign# area does not exceed 50 square feet and provided
further that the Commissioner of Buildings determines that such
#sign# is so located as to minimize the amount of light projected
on the abutting or adjacent #residences#.

22-332
Flags, banners or pennants on lots containing certain community
facilities

R1 R2 R3 R4 R5 R6 R7 R8 R9 R10

In all districts as indicated, flags, banners or pennants other
than those that are #advertising signs#, located on any #zoning
lot# used primarily for #community facility uses# of a civic,
philanthropic, educational or religious nature, are permitted
without limitation.

\*\*\*

22-35
Advertising Signs on Waterways

No moving or stationary "advertising sign" shall be displayed on
a vessel plying waterways adjacent to #Residence Districts# and
within view from an arterial highway.  For the purposes of this
Section, arterial highways shall include all highways which are
shown on the Master Plan of Arterial Highways and Major Streets
as "principal routes," "parkways," or "toll crossings" and which
have been designated by the City Planning Commission as arterial
highways to which the provisions of this Section shall apply.

For the purposes of this Section "advertising sign" is a sign
which directs attention to a profession, business, commodity,
service or entertainment conducted, sold, or offered elsewhere
than upon the premises of the vessel~~, and shall not include
signs, symbols or flags identifying the vessel, its owners or
operators~~ and is not #accessory# to a #use# on such vessel.

\*\*\*

32-421
Limitation on floors occupied by non-residential uses

C1 C2 C3

17                                            N 980135 ZRY

NYC006169

In the districts indicated, in any #building#, or portion of a
#building# occupied on one or more of its upper #stories# by
#residential uses# listed in Use Group 1 or 2 or by #community
facility uses# listed in Use Group 3 or 4, no non-#residential
uses# listed in Use Group 6, 7, 8, 9 or 14 shall be located above
the level of the first #story# ceiling, provided, however, that
permitted #business signs, other than #advertising signs#,
accessory# to such non-#residential uses# may extend to a maximum
height of two feet above the level of the finished floor of the
second #story#, but in no event higher than six inches below the
lowest window sill of the second #story#. In any other
#building#, or portion thereof, not more than two #stories# may
be occupied by non-#residential uses# listed in Use Group 6A, 6B,
6C, 6F, 7, 8, 9 or 14. Non-#residential uses# permitted by the
applicable district regulations may occupy two #stories# in any
new #development# in C1 or C2 Districts mapped within R9 or R10
Districts or in C1-8, C1-9, C2-7 or C2-8 Districts.

32-422
Location of floors occupied by non-residential uses

C4  C5  C6

In the districts indicated, in any #building#, or portion of a
#building# occupied by #residential uses# listed in Use Group 1
or 2, non-#residential uses# listed in Use Group 5, 6, 7, 8, 9,
10, 11, 12, 13, 14, 15 or 16 may be located only on a #story#
below the lowest #story# occupied in whole or in part by such
#residential uses#, except that this limitation shall not
preclude the location of any such non-#residential use# below the
level of the first #story# ceiling, or the extension of a
permitted #business sign other than #advertising sign#,
accessory# to such non-#residential use# to a maximum height of
two feet above the level of the finished floor of the second
#story#, but in no event higher than six inches below the lowest
window sill on the second #story#.

***

32-60
SIGN REGULATIONS

***

32-62
Permitted Accessory Business Signs

C1  C2  C3  C4  C5  C6  C7  C8

In all districts, as indicated, #accessory business signs# other
than #advertising signs# are permitted subject to the provisions

---

18                                              N 980135 ZRY

NYC006170

of the following Sections:

    Section 32-64  (Surface Area and Illumination Provisions)

    Section 32-65  (Permitted Projection or Height of Signs)

    Section 32-67  (Special Provisions Applying along District Boundaries)

    Section 32-68  (Permitted Signs on Residential Buildings)——

    Section 32-69  (Additional ~~Accessory Business~~ Sign Regulations for Adult Establishments)

However, notwithstanding any provision of this Section, flags, banners or pennants other than those that are #advertising signs#, located on any #zoning lot# used primarily for #community facility uses# of a civic, philanthropic, educational or religious nature, are permitted in all districts, as indicated, without limitation.

                   \* \* \*

**32-64**
**Surface Area and Illumination Provisions**

C1 C2 C3 C4 C5 C6 C7 C8

In all districts, as indicated, all permitted #signs# shall be subject to the restrictions on #surface area# and illumination as set forth in this Section, provided that the following #signs# shall be exempted from such restrictions on #surface area#:

    #Illuminated# non-#flashing ~~business~~ signs# other than #advertising signs# located in a window within a #building#, with a total #surface area# not exceeding eight square feet on any #zoning lot# and limited to not more than three such #signs# in any window.

For the purpose of determining permitted #surface area# of #signs# for #zoning lots# occupied by more than one establishment, any portion of such #zoning lot# occupied by a #building# or part of a #building# accommodating one or more establishments on the ground floor may be considered as a separate #zoning lot#.

                   \* \* \*

**32-645**
**Illuminated or flashing signs in C8 Districts**

---

19                              N 980135 ZRY

NYC006171

modified by the provisions of Section 52-82 (Non-Conforming ~~Business~~ Signs) and Section 52-83 (Non-Conforming Advertising Signs).

A change in the subject matter represented on a #sign# shall not be considered a change of #use#.

52-82
Non-Conforming ~~Business~~ Signs other than #Advertising Signs#

Any #non-conforming ~~accessory business~~ sign#, except a #flashing sign# or a #sign# subject to the provisions of Section 52-734 (Non-conforming ~~accessory business~~ signs for adult establishments), and except any #advertising sign# may be structurally altered, reconstructed, or replaced in the same location and position, provided that such structural alteration, reconstruction, or replacement does not result in:

(a)    the creation of a new #non-conformity# or an increase in the degree of #non-conformity# of such #sign#;

(b)    an increase in the #surface area# of such #sign#; or

(c)    an increase in the degree of illumination of such #sign#.

However, any structural alteration, reconstruction or replacement of a #non-conforming sign accessory# to a #non-conforming use# shall be subject to the provisions of Section 52-31 (General Provisions).

To the extent that such structural alteration, reconstruction, or replacement of #non-conforming ~~accessory business~~ signs# is permitted under the provisions of this Section, the provisions of the following Sections are modified:

Section 52-22 (Structural Alterations)

Sections 52-51 to 52-55, inclusive, relating to Damage or Destruction.

***

72-40
AMORTIZATION OF CERTAIN ADULT ESTABLISHMENTS AND SIGNS FOR ADULT ESTABLISHMENTS

The Board of Standards and Appeals may permit any #non-conforming adult establishment# or any #non-conforming ~~accessory business~~ sign#, other than #advertising sign#, for an #adult establishment# to continue for a limited period of time beyond

28                                                          N 980135 ZRY

NYC006180

C8

In the district indicated, #illuminated# or #flashing business
signs#, other than #advertising signs#, and or #advertising
signs# with indirect illumination are permitted, provided that
the total #surface area# of all such #signs# (in square feet)
shall not exceed five times the #street# frontage of the #zoning
lot# (in feet) and that the #surface area# of each #sign# shall
not exceed 500 square feet.

\*\*\*

32-651
Permitted projection in C6-5, C6-7 or C7 Districts

C6-5  C6-7  C7

In the districts indicated, except as otherwise provided in
Section 32-653 (Additional regulations for projecting business
signs), no permitted #sign# shall project across a #street line#
more than eight feet.

32-652
Permitted projection in all other Commercial Districts

C1 C2 C3 C4 C5 C6-1 C6-2 C6-3 C6-4 C6-6 C6-8 C6-9 C8

In the districts indicated, except as otherwise provided in
Section 32-653 (Additional regulations for projecting business
signs), no permitted #sign# shall project across a #street line#
more than 18 inches for double- or multi-faceted #signs# or 12
inches for all other #signs#.

32-653
Additional regulations for projecting business signs

C1 C2 C3 C4 C5 C6 C7 C8

In all districts, as indicated, permitted #accessory business
signs# other than #advertising signs# may be displayed as
follows:

(a)  Non-#illuminated signs# may be displayed on awnings or
     canopies permitted by Section 27-313(b) of the
     Administrative Code, with a #surface area# not exceeding 12
     square feet and with the height of letters not exceeding 12
     inches , provided that Any commercial copy on such
     #signs# shall be limited to identification of the name or
     address of the #building# or an establishment contained
     therein.

---

20

N 980135 ZRY

NYC006172

(b)  #Signs# may be displayed on marquees permitted by Section
     27-313(b) of the Administrative Code, provided that such
     #signs# conform to the provisions of Section 26-182 of the
     Administrative Code, and provided further that no such
     #sign# in a district other than a C6-5, C6-7 or C-7 District
     shall project more than 48 inches above nor more than 12
     inches below such marquee.

                              ***

32-661
Advertising signs on waterways

No moving or stationary #advertising sign# shall be displayed
on a vessel plying waterways adjacent to #Commercial Districts#
and within view from an arterial highway.  For the purposes of
this Section, arterial highways shall include all highways which
are shown on the Master Plan of Arterial Highways and Major
Streets as "principal routes," "parkways," or "toll crossings"
and which have been designated by the City Planning Commission as
arterial highways to which the provisions of this Section shall
apply.

For the purposes of this Section #advertising sign# is a #sign#
which directs attention to a profession, business, commodity,
service or entertainment conducted, sold, or offered elsewhere
than upon the premises of the vessel, and shall not include
signs, symbols or flags identifying the vessel, its owner or
operators and is not #accessory# to a #use# on such vessel.

32-67
Special Provisions Applying along District Boundaries

C2 C3 C4 C5 C6 C7 C8

In the districts indicated, and within 100 feet of the #street
line# of any #street# or portion thereof in which the boundary of
an adjoining #Residence District# is located, or which adjoins a
#public park# of one-half acre or more, all #signs# no
#advertising sign# which faces at an angle of less than 165
degrees away from such #Residence District# or park boundary
shall be permitted and all other #signs# facing at less than such
an angle limited to #accessory business signs# and shall conform
with all the #sign# regulations applicable in C1 Districts as set
forth in Sections 32-61 to 32-68, inclusive, relating to Sign
Regulations.

32-68
Permitted Signs on Residential or Mixed Buildings

C1 C2 C3 C4 C5 C6

---

21                                         N 960135 ZRY

NYC006173

In the districts indicated, any #use# listed in Use Group 1 or 2 shall conform to the #sign# regulations for #Residence Districts# set forth in Sections 22-31 to 22-34, inclusive.  In #residential# or #mixed buildings#, #residential sign# regulations shall apply to a #building# or part of a #building# used for #residential# purposes.

Where non-#residential uses# are permitted to occupy two floors of the #building#, all #signs accessory# to non-#residential uses# located on the second floor shall be non-#illuminated business signs#, and shall be located below the level of the finished floor of the third #story#.

32-69
Additional ~~Accessory Business~~ Sign Regulations for Adult Establishments

C6-4 C6-5 C6-6 C6-7 C6-8 C6-9 C7 C8

~~#Accessory business signs#~~ #Signs# other than #advertising signs# for #adult establishments# are permitted only as set forth in this Section and are limited to locations in the districts indicated.

All permitted #~~accessory business~~ signs#, other than #advertising signs#, for #adult establishments# shall conform with all the #sign# regulations applicable in C1 Districts as set forth in this Chapter, except that the provisions of Section 32-64 (Surface Area and Illumination Provisions) shall not apply.  In lieu thereof, the maximum #surface area# of all #~~accessory business~~ signs#, other than #advertising signs#, for #adult establishments# shall not exceed, in the aggregate, three times the #street# frontage of the #zoning lot#, but in no event more than 150 square feet per establishment, of which no more than 50 square feet may be #illuminated# non-#flashing signs#.

***

36-56
Screening

C1 C2 C3 C4 C5 C6 C7 C8

***

(d)   have no #signs# hung or attached thereto other than those permitted in Sections 32-62 (Permitted ~~Accessory Business~~ Signs) or 32-63 (Permitted Advertising Signs).

***

22

NYC006174

36-685
Screening

C1 C2 C3 C4 C5 C6 C7 C8

***

(d)    shall have no #signs# hung or attached thereto other than
those permitted in Sections 32-62 (Permitted ~~Accessory
Business~~ Signs) or 32-63 (Permitted Advertising Signs).

***

37-011
Applicability of Section 37-01

***

An application to the Department of Buildings for a permit
respecting any new #development# shall include a plan and an
elevation drawn to a scale of at least one sixteenth inch to a
foot of the new #building# and #buildings# on #contiguous lots#
or #contiguous blocks# showing ~~accessory business~~ signs#, other
than #advertising signs# #arcades#, #street wall# articulation,
curb cuts, #street# trees, sidewalk paving, central refuse
storage area and such other necessary information as may be
required by the Commissioner of Buildings.

***

37-014
Modifications to applicability of Article II, Chapter 6

In C1-8, C1-9, C2-7, C2-8, C4-6, C5-1, C5-2, C5-4, C6-3, C6-4,
C6-5 and C6-8 Districts, or C1 or C2 Districts mapped within R9
or R10 Districts, the regulations of Article II, Chapter 6,
applicable to #residential developments# or #developments#
occupied by a #predominantly residential use# are modified by the
provisions of Sections 37-015 (Retail continuity) and 37-016
(~~Accessory business signs~~Sign regulations) and 37-017 (Street
wall articulation).

***

37-016
~~Accessory business signs~~Sign regulations

In addition to the applicable district regulations in C1-8, C1-9,
C2-7, C2-8, C4-6 Districts and C1 or C2 Districts mapped within
R9 or R10 Districts, all #~~accessory business~~ signs# other than
#advertising signs# and ~~other than~~ window #signs#, shall be

23                                              N 980135 ZRY

NYC006175

located in a horizontal band not higher than 3 feet, the base of
which is located not higher than 17 feet above #curb level#.
Where there is a grade change of at least 1.5 feet in 100 along
the portion of the #street# upon which the #development# fronts,
such signage band may be staggered along such #street#.

\*\*\*

42-50
SIGN REGULATIONS

\*\*\*

42-52
Permitted ~~Accessory Business Signs or Advertising~~ Signs

M1 M2 M3

In all districts, as indicated, #~~accessory business~~ signs# ~~or
#advertising signs#~~ are permitted with no restriction on size,
illumination or otherwise, except as otherwise provided in
Section 42-53 (Additional Regulations for Advertising Signs), 42-
54 (Special Provisions Applying along District Boundaries) and
subject to the provisions of Section 42-55 (Additional ~~Accessory
Business~~ Sign Regulations for Adult Establishments).

\*\*\*

42-53
Additional Regulations for Advertising Signs

M1 M2 M3

In all districts, as indicated no #advertising sign# shall be
located, nor shall an existing #advertising sign# be structurally
altered, relocated, or reconstructed, within 200 feet of an
arterial highway or of a #public park# with an area of one-half
acre or more, if such #advertising sign# is within view of such
arterial highway or #public park#.  For the purposes of this
Section, arterial highways shall include all highways which are
shown on the Master Plan of Arterial Highways and Major Streets,
as "principal routes," "parkways," or "toll crossings," and which
have been designated by the City Planning Commission as arterial
highways to which the provisions of this Section shall apply.
Beyond 200 feet from such arterial highway or #public park#, an
#advertising sign# shall be located at a distance of at least as
many linear feet therefrom as there are square feet of #surface
area# on the face of such #sign#.  However, in all districts as
indicated, the more restrictive of the following shall apply:

(a)  Any #advertising sign# erected, structurally altered,

24

N 980135 ZRY

NYC006176

relocated or reconstructed prior to June 1, 1968; within 660 feet of the nearest edge of the right-of-way of an arterial highway, whose message is visible from such arterial highway, shall have legal #non-conforming use# status pursuant to Section 52-83, to the extent of its size existing on May 31, 1968.

(b)    Any #advertising sign# erected, structurally altered, relocated or reconstructed between June 1, 1968 and November 1, 1979, within 660 feet of the nearest edge of the right-of-way of an arterial highway, whose message is visible from such arterial highway, and whose size does not exceed 1200 square feet in #surface area# on its face, 30 feet in height, and 60 feet in length, shall have legal #non-conforming use# status pursuant to Section 52-83, to the extent of its size existing on November 1, 1979.  All #advertising signs# not in conformance with the standards set forth herein shall terminate.

42-531
Advertising signs on waterways

No moving or stationary #advertising sign# shall be displayed on a vessel plying waterways adjacent to #Manufacturing Districts# and within view from an arterial highway.  For the purposes of this Section, arterial highways shall include all highways which are shown on the Master Plan of Arterial Highways and Major Streets as "principal routes," "parkways," or "toll crossings" and which have been designated by the City Planning Commission as arterial highways to which the provisions of this Section shall apply.

For the purposes of this Section, #advertising sign# is a #sign# which directs attention to a profession, business, commodity, service or entertainment conducted, sold, or offered elsewhere than upon the premises of the vessel, and shall not include signs, symbols or flags identifying the vessel, its owners or operators and is not #accessory# to a #use# on such vessel.

42-54
Special Provisions Applying along District Boundaries

42-541
Restrictions along district boundary located in a street

M1 M2 M3

In all districts, as indicated, and within 100 feet of the #street line# of any #street# or portion thereof in which the boundary of an adjoining #Residence District# is located, or which adjoins a #public park# of one-half acre or more,

N 980135 ZRY

NYC006177

#advertising# signs# which face at an angle of less than 165 degrees away from such #Residence District# or park boundary shall not be permitted and all other #signs# facing at less than such an angle be limited to #accessory business signs# and shall conform with all the #sign# regulations applicable in C1 Districts as set forth in Sections 32-61 to 32-68, inclusive, relating to Sign Regulations.

\*\*\*

42-55
Additional ~~Accessory Business~~ Sign Regulations for Adult Establishments

M1 M2 M3

In all districts, as indicated, all permitted #~~accessory business~~ signs#, other than #advertising signs#, for #adult establishments# shall conform with the provisions of this Chapter, except that the maximum #surface area# of all #~~accessory business~~ signs#, other than #advertising signs#, for #adult establishments# shall not exceed, in the aggregate, three times the #street# frontage of the #zoning lot#, but in no event more than 150 square feet per establishment, of which no more than 50 square feet may be #illuminated# and no portion thereof may be #flashing#.

No #~~accessory business~~ signs# for #adult establishments# shall be permitted on the roof of any #building#, nor shall such #signs# extend above #curb level# at a height greater than 25 feet.

\*\*\*

44-45
Screening

M1 M2 M3

\*\*\*

(d)    shall have no #signs# hung or attached thereto other than those permitted in Section 42-52 (Permitted ~~Accessory Business Signs or Advertising~~ Signs).

\*\*\*

44-585
Screening

M1 M2 M3

---

26

N 980135 ZRY

NYC006178

\*\*\*

(3)    shall have no #signs# hung or attached thereto other than
       those permitted in Section 42-52 (Permitted ~~Accessory~~
       ~~Business Signs or Advertising~~ Signs).

\*\*\*

52-73
Non-Conforming Signs

\*\*\*

52-733
Advertising signs on waterways

On all waterways adjacent to #Residence#, #Commercial# or
#Manufacturing Districts# and within view from an arterial
highway, a #non-conforming advertising sign# may be continued for
one year after July 23, 1964 if already in operation on April 15,
1964; provided that after the expiration of this period such
#non-conforming advertising sign# shall terminate.

For the purposes of this Section #advertising sign# is a #sign#
which directs attention to a profession, business, commodity,
service or entertainment conducted, sold, or offered elsewhere
than upon the premises of the vessel~~, and shall not include~~
~~signs, symbols or flags identifying the vessel, its owners or~~
~~operators~~ and is not #accessory# to a #use# on such vessel.

52-734
Non-conforming ~~accessory business~~ signs for adult establishments

In all districts, a #non-conforming ~~accessory business~~ sign# for
an #adult establishment# shall terminate within one year from
October 25, 1995 or from such later date that such #sign# becomes
#non-conforming#, except that such #sign# may be continued for a
limited period of time by the Board of Standards and Appeals
pursuant to Section 72-40 (AMORTIZATION OF CERTAIN ADULT
ESTABLISHMENTS AND SIGNS FOR ADULT ESTABLISHMENTS).

\*\*\*

52-80
REGULATIONS APPLYING TO NON-CONFORMING SIGNS

52-81
General Provisions

A #non-conforming sign# shall be subject to all the provisions of
this Chapter relating to #non-conforming uses#, except as

NYC006179

that provided for in Section 52-734 (Non-conforming accessory business signs for adult establishments) or Section 52-77 (Termination of Adult Establishments), provided that:

* * *

73-211
Location in C2, C4, C6 or C7 Districts

* * *

(5)   that #accessory business signs# ¦other than #advertising signs#¦ shall be subject to the applicable district #sign# regulations, provided that:

* * *

73-241
In C1-1, C1-2, C1-3, C1-4, C2-1, C2-2, C2-3, C2-4, C3, C5, M1-5A or M1-5B Districts

* * *

The Board may modify the regulations relating to #accessory business signs# in C3 Districts to permit a maximum total #surface area# of 50 square feet of non-#illuminated# or #illuminated# non-#flashing signs#, provided that any #illuminated sign# shall not be less than 150 feet from the boundary of any #Residence District#.   The Board shall prescribe appropriate controls to minimize adverse effects on the character of the surrounding area, including, but not limited to, location of entrances and operable windows; provision of sound-lock vestibules; specification of acoustical insulation; maximum size of establishment; kinds of amplification of musical instruments or voices; shielding of floodlights; adequate screening; curb cuts or parking.

73-242
In C3 Districts

* * *

The Board may modify the regulations relating to #accessory business signs# in C3 Districts to permit a maximum total #surface area# of 50 square feet of non-#illuminated# or #illuminated# non-#flashing signs#, provided that any #illuminated sign# shall not be less than 150 feet from the boundary of any #Residence District#.

* * *

---

29                                                    N 980135 ZRY

NYC006181

73-25
Boatels

***

The Board may modify the regulations relating to #~~accessory business~~ signs# in C3 Districts to permit a maximum total #surface area# of 50 square feet of non-#illuminated# or #illuminated# non-#flashing signs# on each of not more than three #street# or water frontages.

***

73-35
Amusement Arcades

***

(c)   that the #use# is so located within the shopping center that no entrance and no #~~accessory business~~ sign# fronts upon or faces a #street#.

***

74-47
Amusement Arcades

(c)   the #use# is so located within the #building# that no entrance nor any #~~accessory business~~ sign# of the amusement arcade fronts upon or faces a #street#.

***

74-744
Modification of use regulations

***

(c)   Modifications of #~~accessory business~~ sign# regulations

In C6 Districts, the City Planning Commission may modify the regulations of Section 32-65 (Permitted Projection or Height of Signs) for #~~accessory business~~ signs#, other than #advertising signs#, on a non- #residential building#, provided that such #accessory# signs# will not be incompatible with the character of the surrounding area.

***

81-141
Special sign regulations

30                                    N 980135 ZRY

NYC006182

\*\*\*

(b)   In a C5-3 District within the Fifth Avenue Subdistrict, the
      Chairperson of the City Planning Commission may, by
      certification, modify the requirements of Section 32-655
      (Height of signs in all other Commercial Districts), to
      allow a single non-#illuminated ~~business~~ sign#, other than
      #advertising sign#, per #building# to be located at a height
      between 25 and 50 feet above #curb level# provided that the
      permitted #sign# shall:

\*\*\*

82-24
Supplementary Sign Regulations

No permitted #~~business~~ sign# shall extend above #curb level# at a
height greater than 20 feet or obstruct an #arcade#.

\*\*\*

93-34
Accessory ~~Business~~ Signs

All #~~accessory business~~ signs#, other than #advertising signs#
~~and other than~~ window #signs#, shall be located in a horizontal
band not higher than two feet, the base of which is located not
less than 13 feet nor more than 16 feet above #curb level#.
Where there is a grade change of a least 1.5 feet in 100 feet
along the portion of the #street# upon which the #development#
fronts, such signage band may be staggered along such #street#.

\*\*\*

94-066
Additional sign regulations

Where #illuminated signs# are permitted by the underlying
district regulations, such #signs# shall have only indirect
illumination. Where #~~business~~ signs#, other than #advertising
signs#, are permitted by the underlying district regulations,
such #signs# shall not extend above the roof level of any
#building or other structure# in the Special District.

\*\*\*

97-112
Sign regulations

All #signs# for Use Group M #manufacturing uses# within the R(M)
#Special Northside Mixed Use District# shall be limited to

31                                            N 980135 ZRY

#accessory business signs# other than #advertising signs# and
shall conform to regulations for C1 Districts as set forth in
Sections 32-61 to 32-68 (Sign Regulations) inclusive, in this
Resolution, except that no #illuminated signs# shall be permitted
in the R(M) #Special Northside Mixed Use District#. In addition,
no #sign# shall extend above the floor level of the second
#story# above ground.

***

108-112
Sign regulations

All #signs# for #manufacturing# or #commercial uses# within the
#Special Franklin Street Mixed Use District# shall be limited to
#accessory business signs# other than #advertising signs# and
shall conform to regulations for C1 Districts as set forth in
Section 32-61 to 32-68 (Sign Regulations), inclusive, in this
Resolution, except that no #illuminated signs# shall be permitted
in the #Special Franklin Street Mixed Use District#. In addition,
no #sign# shall extend above the floor level of the second
#story# above ground.

***

109-24
Sign Regulations

In addition to the underlying district #sign# regulations, the
following regulations shall apply to all #signs#:

(a)   #accessory business# signs# may not occupy more than 25
      percent of the total area of the storefront measured from
      #curb level# to 10 feet above #curb level#;

***

(c)   #accessory business# signs# may not cover columns, cornices
      or sills.

***

112-00
GENERAL PURPOSES

***

(c)   to maintain and protect the environmental quality and
      "village" character of City Island Avenue by imposing
      special controls on building setbacks and accessory business
      signs; and

---

N 980135 ZRY

NYC006184

\*\*\*

112-123
Screening requirements for parking facilities accessory to
commercial uses

\*\*\*

(c)    shall have no #signs# hung or attached thereto other than
those permitted in Section 32-62 (Permitted ~~Accessory~~
~~Business~~ Signs), Section 32-63 (Permitted Advertising Signs)
or Section 42-52 (Permitted ~~Accessory Business~~ Signs or
Advertising Signs).

\*\*\*

115-046
Permitted projection of signs

Except as otherwise permitted in Section 32-653 (Additional
regulations for projecting ~~business~~ signs), no permitted #sign#
shall project across a #street line# more than 12 inches.  Double
or multifaced #signs# are not permitted.

\*\*\*

117-423
~~Accessory business s~~Sign regulations

\*\*\*

118-12
Sign Regulations

\*\*\*

#Signs# on #street walls# fronting on all other #streets# within
the Special District shall be subject to the provisions of
Section 37-016 (~~Accessory business signs~~Sign regulations).

\*\*\*

121-20
SIGN REGULATIONS

The following provisions apply on #wide streets# within the
#Special Garment Center District#:

(a)    no #~~accessory business~~sign# ~~or #advertising sign#~~ shall
project across the #street line# of a #wide street# more
than 18 inches for double or multi-faced #signs# or 12

---

33                                              N 980135 ZRY

NYC006185

inches for other #signs#;

\*\*\*

122-20
SPECIAL SIGN REGULATIONS

In order to enhance the visual quality of the Special District, the applicable #sign# regulations of the underlying districts are modified as follows:

(a) Within the Limited Commercial Areas, only one #accessory business sign# other than an #advertising sign#, with a surface area not exceeding 12 square feet shall be permitted per #commercial use#. #Accessory business Such signs# shall be located in a #sign band#, on the flap of a canopy, or as allowed under Section 122-20(d). The height of an #accessory business such #sign# shall be not more than 24 inches and the letter sizes shall be restricted to a height of 12 inches. Except as provided in Section 122-20(d), all such #signs# may not project from the vertical surface of a #building# more than 18 inches.

(b) Within the Commercial Extension Areas, no #accessory business signs# and no #display windows# shall be permitted on a #building or other structure# within 50 feet of the Grand Concourse. #Commercial uses# which are located on a cross-street beyond a distance of 50 feet from the Grand Concourse #street line#, shall comply with the #sign# regulations applicable to the underlying #Commercial District#.

(c) On Commercial Infill Sites, the maximum surface area to be occupied by an #accessory business sign#, other than an #advertising sign# shall be three square feet for every five feet of store frontage or 12 square feet, whichever is greater. #Accessory business Such #signs# shall be located in a #sign band# and/or on the flap of a canopy, or as allowed under Section 122-20(d). On portions of Commercial Infill Sites more than 50 feet from the Grand Concourse, the signage regulations of a C1 District shall apply.

(d) Except in C1 Districts, no #sign# may be located so as to obscure any decorative lintel, cornice or other architectural detail. In the event that compliance with this requirement does not provide adequate surface area for the allowable #accessory business sign# as defined in Section 122-20(a), a projecting #sign# may be permitted by the Commissioner of Buildings provided that no such #sign# shall project from the vertical surface of a #building# more than 18 inches.

34

N 980135 ZRY

NYC006186

* * *

The above resolution (N 980135 ZRY), duly adopted by the City
Planning Commission on February 18, 1998 (Calendar No. 29), is
filed with the Office of the Speaker, City Council, and the
Borough Presidents in accordance with the requirements of
Sections 200 and 197-d of the New York City Charter.

JOSEPH B. ROSE, Chairman

VICTOR G. ALICEA, Vice-Chairman

ALBERT ABNEY, ANGELA M. BATTAGLIA, AMANDA M. BURDEN, A.I.C.P.,
IRWIN G. CANTOR, P.E., ALEXANDER GARVIN, ANTHONY I. GIACOBBE,
ESQ., WILLIAM J. GRINKER, BRENDA LEVIN, EDWARD T. ROGOWSKY,
JACOB B. WARD, ESQ., Commissioners

NYC006187




# COMMUNITY BOARD #11, BRONX
## 1741 COLDEN AVENUE
## BRONX, NEW YORK 10462
## (718) 892-6262 FAX (718) 892-1861

| Dominic Castore | Fernando Ferrer | John A. Fratta |
|---|---|---|
| Chairman | Borough President | District Manager |

FEB 2 - 1998

cc: Philip
Micha
Parras
Dolomski
Chaswolf
Kith
ANeil
11914

**COMMITTEES**

Community Development &
Budget Priorities

Economic Development

Education & Culture

Health & Social Services

Highways, Traffic &
Transportation

Housing

Land Use

Parks & Playgrounds

Public Safety

Sanitation & Environmental
Protection

Youth Services Planning

January 29, 1998

Mr. Joseph B. Rose
Chairman
City Planning Commission
22 Reade Street
New York, New York 10007-1216

RE: N 980135 ZRY

Dear Mr. Rose:

At its meeting of December 18, 1998, Community Board #11 voted to approve the above zoning application to modify the definitition of signs in the Zoning Resolution.

If you have any question, please feel free to contact me at the above number.

Sincerely,

John A. Fratta,
District Manager

JAF/hl

24 - 0 - )

NYC006188

(718) 851-0800                                                          FAX # (718) 851-4140

cc: Koisky &
Michaels
Parris
Dobniskis
Weil ✓



**The City of New York**

**Community Board No. 12**

5910 THIRTEENTH AVENUE, BROOKLYN, N.Y. 11219

OFFICE OF THE
CHAIRPERSON

DEC 24 1997
1165

PRISCILLA CELANO
District Manager

HOWARD GOLDEN
Borough President

ALAN J. DUBROW
Chairman

December 22nd, 1997

Joseph B. Rose Chairman
22 Reade Street
New York, NY  10007-1216

Re:  N980135 ZRY
     Sign Regulations

Dear Chairman Rose:

At the November 25th meeting of Community Board 12 the Board voted unanimously to approve the Sign Text Amendment as proposed and submitted by the City Planning.

Very truly yours,

Priscilla Celano

PRISCILLA CELANO
DISTRICT MANAGER

cc:  Susan Silverman, City Planning Brooklyn

PC:lm

31-0-0

NYC006189

**The City of New York**

# BROOKLYN COMMUNITY BOARD 13
## 2900 West 8th Street, Brooklyn, NY 11224
### (718) 266-3001          FAX (718) 266-3920

HOWARD GOLDEN
Borough President

MARTIN LEVINE
Chairperson

CHUCK REICHENTHAL
District Manager

OFFICE OF
CIT...

DEC C 4 1997
11 5/4

cc. Korby
Weil
Meyers
Dobrisk
Michaels
Parms

December 2, 1997

Mr. Joseph B. Rose, Director
Department of City Planning
22 Reade Street
New York, N.Y. 10007-1216

Re: N980135 ZRY
Sign Regulations

Dear Mr. Rose,

As you well may be aware, Community Board #13 had sought an extension re this ULURP
issue as soon as the material had been received.   We were informed, prior to our Public
Hearing, that the sought-for extension would not be forthcoming.   Consequently, the Board
listened to the speaker at its General Meeting/Open Public Hearing, and voted negatively , at
that time, to N980135 ZRY.   We, therefore, feel that the November 18th message from you that
there would be a 16-day extension until Dec. 22nd, comes after-the-fact and that the C.B. #13
"NO" vote stands as was adopted.

Yours truly,

Martin L. Levine
Chairman

Ken

NYC006190



# The City of New York
# Community Board No. 15



**HOWARD GOLDEN**
*Borough President*

**RUDOLPH W. GIULIANI**
*Mayor*

**JOHN E. NIKAS**
*Chairperson*

**RABBI ELI GREENWALD**
*First Vice-Chairperson*
**HAROLD MECKLER**
*Second Vice-Chairperson*
**JEREMIAH P. O'SHEA**
*Treasurer*
**MARION POPS**
*Secretary*

**PAST CHAIRPERSONS**
*Maurice H. Kolodin*
*Hilda Mirwis*

**EXECUTIVE COMMITTEE**
*Father Dominick Cutrone*
*Anne Dietrich*
*Rae Kahn*
*Roland Hill*
*I. Stephen Miller*
*Dr. Allan Pollock*
*Warren Samuels*
*Helen Sarubbi*
*Mildred Silverstein*
*Ronald Tawil*

**DISTRICT OFFICE STAFF**

**BARBARA SIMMONS**
*District Manager*
**JOYCE MIONE**
*Assistant District Manager*

November 26, 1997

New York City Department of City Planning
Michael Weil, Director
Zoning and Urban Design
22 Reade Street
New York, New York 10007

Re: City Planning Application #N980135ZRY
    Sign Regulations

Dear Mr. Weil:

On Tuesday November 25, 1997, Community Board No. 15
voted 36 in favor 0 abstention 0 opposed to support, in
both instances, The City Planning Commissions consider-
ation of an application for a zoning text change from the
Department of City Planning to modify the definition of
signs in the Zoning Resolution.

Sincerely,

John E. Nikas
Chairman

JEN:ar

Kingsborough Community College
2001 Oriental Boulevard
Brooklyn, NY 11235
(718) 332-3008   FAX (718) 648-7232

NYC006191



**BROOKLYN COMMUNITY BOARD 13**
2900 West 8th Street, Brooklyn, NY 11224
(718) 266-3001          FAX (718) 266-3920

*The City of New York*

HOWARD GOLDEN
Borough President

MARTIN LEVINE
Chairperson

CHUCK REICHENTHAL
District Manager

November 20, 1997

Joseph B. Rose, Chairman
22 Reade Street
New York, N.Y. 10007-1216

RE: ULURP - N 980135 ZRY

Dear Commissioner Rose:

Community Board #13 discussed, and voted upon, the aforementioned ULURP Review Application at its General Board Meeting of November 19, 1997. The following was the result of this Board action:

* WHEREAS Community Board 13 finds that there was inadequate time in which to effectively study the materials involved, and the ramifications that might result, and therefore OPPOSES the passage of this ULURP.

The vote cast indicates: AGAINST PASSAGE OF ULURP N 980 135ZRY– 35
FOR PASSAGE OF SAID ULURP –- 2
Abstentions -- 6

As has been previously stated in earlier correspondence to your office, a 30-day ULURP study is inadequate for the complete analysis of any action. The Public Hearing was held on November 19, 1997, the same day at which the vote was to be taken.  In general procedure, the ULURP would have gone to Committee at which time, further discussion could have taken place.  The Board vote would have taken place at the December meeting. The 60-day ULURP procedure remains the only acceptable methodology in order to serve the community and to ascertain that the issue gets adequate explanation from the involved parties.

Yours truly,

Martin L. Levine
Chairman

cc: Hon. Howard Golden, Brooklyn Borough President

NYC006192

*Cc: Barth*
*Parnes*
*Michaels*
*Dobrrski,*
*Weill*

# CITY OF NEW YORK
## COMMUNITY BOARD NO. 2, MANHATTAN

3 Washington Square Village, New York, New York 10012-1899 • (212) 979-2272 • FAX (212) 254-5102
Greenwich Village • Little Italy • Soho • Noho

**Alan Jay Gerson**
Chair

**Oscar J. Gonzalez**
Vice-Chair

**James M. Smith**
Vice-Chair

**Lora J. Tenenbaum**
Secretary

**Doris B. Nash**
Assistant Secretary

**Carol S. Reichman**
Treasurer

**Arthur W. Strickler**
District Manager

JAN 22 1998
January 16, 1998
11945

RECEIVED
MAR 1998
DEPT. OF CITY PLANNING
ZONING AND URBAN DESIGN

Joseph Rose
Chair
City Planning Commission
22 Reade Street
New York, New York   10007

Dear Chairperson Rose:

At its full Board meeting on December 18, 1997, Community Board #2-Manhattan (CB#2-Man.) adopted the following resolution:

> **Proposal by Department of City Planning for sign regulation changes to modify the definition of signs (N980135-ZRY-CPC).**

**WHEREAS,** CB#2-Man. has no problem with the principal purpose of the proposed modifications, which is to govern the size, illumination and location of signs in a manner that does not give preference to commercial speech over noncommercial speech or preferences to certain sorts of noncommercial speech over other types of noncommercial speech, but

**WHEREAS,** new Section 22-332 dealing with Residence District and revised Section 32-62 dealing with Commercial Districts place no limitations on size or number of flags, banners or pennants for civic, philanthropic, educational or religious organizations;

**THEREFORE, BE IT RESOLVED,** that CB#2, Man. generally supports the proposed modifications, but strongly suggests that some limitations be placed on the size and number of flags, banners or pennants for civic, philanthropic, educational or religious organizations so as to prevent the inappropriate proliferation of such signs in communities, such as ours, that not only have many such organizations but have some which occupy multiple blocks in our community.

Vote:  Unanimous, with 36 Board members in favor.

Please advise us of any decision or action taken in response to this resolution.

NYC006193

Joseph Rose, Chair
City Planning Commission
January 16, 1998
Page Two

Sincerely,

Alan Jay Gerson, Chair            Lora Tenenbaum, Chair
Community Board #2, Manhattan    Zoning Committee
                                  Community Board #2, Manhattan

AJG/fa

cc:    Hon. Catherine Abate, NYS Senator
       Hon. Deborah Glick, NYS Assemblymember
       Hon. Thomas Duane, Councilmember
       Hon. Kathryn Freed, Councilmember
       Hon. Margarita Lopez, Councilmember
       Hon. C. Virginia Fields, Man. Borough President
       Commissioner Rosemarie O'Keefe, CAU
       Noah Pfefferblit, Community Liaison, MPBO
       Noah Pfefferblit, Community Liaison, MPBO
       John Young Deputy Director, Dept. of CIty Planning
       Vivian Awner, Community Board Liaison, DCP
       Doris Diether, Zoning, CB2

NYC006194