10

or other solicitation of proposals issued by the department of information technology and telecommunications for the purpose of entering into franchise agreements for the installation, operation and maintenance of public pay telephones within the time period specified in such request for proposals or other solicitation of proposals; (bb) the commissioner has determined not to propose the award of a franchise to such owner to the franchise and concession review committee; or (cc) the franchise and concession review committee has determined not to approve the proposed franchise agreement for such owner. Permits issued pursuant to this subdivision shall expire upon the occurrence of any of the foregoing. In the event the owner is granted a franchise to install, operate and maintain public pay telephones, such permits shall continue in effect for the term of the franchise.

e. In the event an owner of a public pay telephone other than the telephone company is granted a franchise to install and maintain public pay telephones, such owner may apply for the issuance of permits pursuant to chapter 4 of title 23 of the administrative code of the city of New York, as added by section 2 of this local law, with respect to any or all of the public pay telephones identified in a registry submitted pursuant to subdivision c of this section for which : (i) the commissioner made no objection or an objection was timely cured; and (ii) annual interim occupancy fees have been paid; provided however, that the provisions of subparagraph iii of paragraph 2 of subdivision a of Section 23-403 of the administrative code of the city of New York, as added by Section 2 of this local law, shall not apply with respect to an application for issuance of a permit for a public pay telephone where such public pay telephone was installed in the manner described in such subparagraph and activated on, or before August 1, 1994, and has been in continuous use since such activation date. Such applications shall be made no later than thirty days following the date the franchise is granted. Any such public pay telephone for which such owner does not so apply for issuance of a permit shall be removed by the owner within sixty days following the date the franchise is granted and, if not so removed, shall be subject to removal pursuant to section 23-408 of the administrative code of the city of New York, as added by section 2 of this local law. Failure to remove such a public pay telephone shall also be deemed a violation for purposes of subdivisions b and c of section 23-408 of the administrative code of the city of New York, as added by section 2 of this local law. In reviewing an application for the issuance of a permit for an existing public pay telephone made pursuant to this section, the commissioner shall notify the owner of any condition which renders the continued maintenance and operation of such telephone inconsistent with the provisions of this local law, or out of compliance with the rules of the commissioner, or of any federal or state regulatory authority having jurisdiction over the provision of public pay telephones and which, if cured by the owner within such time period as may be specified by the Commissioner, shall render such telephone eligible for receipt of a permit pursuant to this local law. An owner shall not be required to remove an existing public pay telephone for which the owner has submitted an application for a permit pursuant to this paragraph unless and until the earlier of the following has occurred: (aa) the owner fails to timely cure a condition specified in a notification provided by the commissioner pursuant to this paragraph; or (bb) the application for such permit is denied. Any such public pay telephone, if not removed within thirty days of such occurrence, shall be subject to removal pursuant to section 23-408 of the administrative code of the city of New York as added by section 2 of this local law. Failure to remove such a public pay telephone shall

NYC019412

11

also be deemed a violation for purposes of subdivisions b and c of section 23-408 of the administrative code of the city of New York, as added by section 2 of this local law. Nothing in this section shall be construed to limit the commissioner's authority to issue or deny permits at his or her discretion, or to otherwise pursue the remedies for violations set forth in section 23-408 of the administrative code of the city of New York, as added by section 2 of this local law.

§7. The commissioner may by rule extend any time period provided for in sections 5 and 6 of this local law, based upon a determination that such extension would be in the best interests of the city.

§8. All records of the department of transportation relating to the licensing of public pay telephones shall be transferred to the department of information technology and telecommunications according to a timetable to be established by such agencies.

§9. The department of information technology and telecommunications shall, upon the effective date of this local law and so far as not inconsistent with the provisions of this local law, be authorized to continue any business, proceeding or other matter commenced by the department of transportation pursuant to former section 19-128 of the administrative code of the city of New York.

§10. Subdivision a of section 10-117 of the administrative code is amended to read as follows:

a. No person shall write, paint or draw any inscription, figure or mark of any type on any public or private building or other structure or any other real or personal property owned, operated or maintained by a public benefit corporation, the city of New York or any agency or instrumentality thereof or by any person, firm, or corporation, *or any personal property maintained on a city street or other city-owned property pursuant to a franchise, concession or revocable consent granted by the city*, unless the express permission of the owner or operator of the property has been obtained.

§11. Subdivision a of section 10-119 of the administrative code, as amended by local law 111 for the year 1993, is amended to read as follows:

a. It shall be unlawful for any person to paste, post, paint, print or nail any handbill, poster, notice, sign or advertisement upon any curb, gutter, flagstone, tree, lamppost, awning post, telegraph pole, telephone pole, public utility pole, public garbage bin, bus shelter, bridge abutment, elevated train structure, highway fence, barrel, box, parking meter, mailbox, traffic signal stanchion, tree box, bench, traffic barrier [or] , hydrant, *public pay telephone, any personal property maintained on a city street or other city-owned property pursuant to a franchise, concession or revocable consent granted by the city* or other such item or structure in any street, or to direct, suffer or permit any servant, agent, employee or other person under his or her control to engage in such activity, provided, however, that this section shall not apply to any handbill, poster, notice, sign or advertisement so posted by or under the direction of the council, or by or under the direction of any city agency, or pursuant to a franchise, concession or revocable consent granted pursuant to chapter fourteen of the charter.

§12. This local law shall take effect one hundred eighty days after it shall have been enacted into law provided that sections 10 and 11 become effective immediately. The commissioner of the department of information technology and telecommunications and the environmental control board shall be authorized, prior to the one hundred eighty day effective date, to promulgate rules or take any other actions necessary for the timely implementation of this local law.

NYC019413

12

THE CITY OF NEW YORK, OFFICE OF THE CITY CLERK, s.s.:

I hereby certify that the foregoing is a true copy of a local law of the City of New York, passed by the Council on August 17, 1995, and approved by the Mayor on September 1, 1995.

CARLOS CUEVAS, City Clerk, Clerk of the Council

CERTIFICATION PURSUANT TO MUNICIPAL HOME RULE LAW §27

Pursuant to the provisions of Municipal Home Rule Law §27, I hereby certify that the enclosed Local Law (Local Law 68 of 1995, Council Int. No. 121-A) contains the correct text and:

Received the following vote at the meeting of the New York City Council on August 17, 1995:  44 for, 0 against.

Was approved by the Mayor on September 5, 1995.

Was returned to the City Clerk on September 5, 1995.

JEFFREY D. FRIEDLANDER, Acting Corporation Counsel

NYC019414

Notice of Opportunity to Comment on Proposed Rule Regarding
Public Pay Telephones

**NOTICE IS HEREBY GIVEN PURSUANT TO THE AUTHORITY VESTED IN THE** Commissioner of the Department of Information Technology and Telecommunications by Section 1072 of the New York City Charter and Local Law Number 68 for the Year 1995, and in accordance with Section 1043 of the Charter, including a public hearing held on due notice, that the Department of Information Technology and Telecommunications hereby adopts new subchapters 1 and 2 of a new chapter 6 of Title 67 of the Rules of the City of New York, relating to the Interim Registry, Permitting and Requirements for Public Pay Telephones. Matter underlined is new.  This rule shall become effective thirty (30) days from the date hereof.

Ralph A. Balzano,
Commissioner.

NYC019415

NYC019416

# CHAPTER 6
## PUBLIC PAY TELEPHONES
### SUBCHAPTER 1. GENERAL PROVISIONS.

*§ 6-01 Definitions.* For the purposes of this Chapter, the following terms shall have the following meanings:

"Code" shall mean the Administrative Code of the City of New York.

"Commissioner" shall mean the Commissioner of the Department of Information Technology and Telecommunications or any successor agency.

"Department" shall mean the Department of Information Technology and Telecommunications or any successor agency.

"Interim Eligible Public Pay Telephone" shall mean a public pay telephone that: (i) was not licensed pursuant to former sections 19-131 and 19-128 of the Code; and (ii) was installed and activated prior to March 1, 1996.

"Interim Occupancy Fee" shall mean the annual fee of seventy-five dollars ($75) for each interim eligible public pay telephone listed on a registry.

"Owner" shall mean a natural person or business entity which owns, leases, or is otherwise responsible for the installation, operation and maintenance of a public pay telephone.

"Public Nuisance" shall mean a public pay telephone which the Commissioner has reasonable cause to believe is used on a regular basis in furtherance of unlawful activity.

"Public Pay Telephone" shall mean a telephone and associated equipment, from which calls can be paid for at the time they are made by a coin, credit card, prepaid debit card or in any other manner, which is available for use by the public and provides access to the

-1-

NYC019417

switched telephone network for the purpose of voice or data communications. The term "Public Pay Telephone" shall include any pedestal or telephone bank supporting one or more such telephones, associated enclosures, signage and other associated equipment.

"Registry" shall mean a list submitted by an owner of interim eligible public pay telephones identifying each such telephone.

"Street" shall have the meaning ascribed thereto in subdivision thirteen of section 1-112 of the Code.

### § 6-02 Penalties.

a. In addition to civil penalties provided in subdivisions c and d of this section, an owner who maintains or operates a public pay telephone without a permit issued pursuant to this chapter, except for an owner who is in compliance with the provisions of subchapter one of this chapter, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than ten thousand dollars ($10,000) and imprisonment of not more than thirty days, or both such fine and imprisonment.

b. Notwithstanding any other provision of this section, an owner who fails three times within any three month period to provide phone service from a public pay telephone that has received a permit pursuant to the provisions of this chapter for any period of time exceeding forty-eight continuous hours or who fails to provide coinless twenty-four hour 911 service from such public pay telephone shall be liable for a civil penalty of not more than two thousand five hundred dollars ($2,500) for each violation which may be recovered in a civil action or in a proceeding before the environmental control board. In the case of a continuing violation, each day's continuance shall be a separate and distinct offense. An owner of a public pay telephone

-2-

NYC019418

shall not be considered to have failed to provide the service required in this subdivision where such owner has notified the Department, within twenty-four hours, of the occurrence of an event or a condition beyond his or her control, such as a power failure or an inability of the telephone company to provide access to the switched telephone network, that has rendered such telephone unable to provide such service.,

       c.  Notwithstanding any other provision of this section, violation of any provision of this chapter, including failure to comply with the requirements of subchapter one of this chapter with regard to an interim eligible public pay telephone, shall be punishable by a civil penalty of not more than one thousand dollars ($1,000) for each such violation, recoverable in a civil action or in a proceeding before the Environmental Control Board.  In the case of a continuing violation, each day's continuance shall be a separate and distinct offense.

       d.  An owner who is liable for a civil penalty for a violation pursuant to subdivision c of this section shall also be liable  in the amount of the expense, if any, incurred by the city in the removal of the public pay telephone and the performance of related repair and restoration work.


**§ 6-03 *Liability for violations*.**  An owner of a public pay telephone shall be liable for a violation by his or her employee, agent or independent contractor of the provisions of this subchapter made in the course of performing his or her duties.


**§ 6-04 *Notice*.**  Notice by the Commissioner pursuant to this chapter shall be by first class mail addressed to the address submitted to the Department by an owner of public pay telephones on a registry of interim eligible public pay telephones, or as set forth in a permit for such telephone.

NYC019419

Where an owner has provided a facsimile number, notice shall, in addition to notice by first class mail as provided in this section, be by facsimile to such number. In the case of a public pay telephone that is not identified on a registry or does not possess a permit issued pursuant to this chapter, such notice shall be provided only where the name and address of the owner is shown on the public pay telephone or can be readily identified by the Commissioner by virtue of a trademark prominently displayed on the public pay telephone.

-4-

NYC019420

## SUBCHAPTER 2. INTERIM REGISTRY

*§ 6-20  Maintenance and Operation of Interim  Eligible Public Pay Telephone Without a Permit.*  On and after March 31, 1996, no interim eligible public pay telephone may continue to be operated or maintained on, over or under any street or other inalienable property of the City unless such telephone is in compliance with the provisions of section 6-21 of this subchapter, provided that an event described in section 6-22 of this subchapter has not occurred. An owner who operates an interim eligible public pay telephone in violation of this section shall be in violation of the permit requirements of section 23-402 of the Code and shall be subject to the penalties set forth in subdivisions a, c and d of section 6-02 of this chapter and removal of such telephone pursuant to section 6-25 of  this chapter.

*§6-21  Conditions for Maintenance and Operation of Interim Eligible Public Pay Telephone; Registry of Interim Eligible Public Pay Telephones.*  An interim eligible public pay telephone may continue to be maintained and operated on or after March 31, 1996 only if (i) the owner has identified such telephone on a registry of public pay telephones and submitted such registry and has paid the interim occupancy fee for such telephone as required by the provisions of section 6-23 of this subchapter,  and (ii) the Commissioner has not objected to the continued maintenance and operation of such telephone for a reason set forth in subdivision a of section 6-24 of this subchapter or, if the Commissioner has objected, such objection has been cured or has been withdrawn.

-5-

NYC019421

*§ 6-22 Discontinuance of Interim Eligible Public Pay Telephones Identified in Registry.* The continued maintenance and operation of interim eligible public pay telephones identified in a registry of public pay telephones shall no longer be authorized if and when any of the following occurs: (i) the owner has declined to respond to the request for proposals or other solicitation of proposals issued by the Commissioner for the purpose of entering into franchise agreements for the installation, operation and maintenance of public pay telephones within the time period specified in such request for proposals or other solicitation of proposals and sixty days have elapsed following such failure to respond; (ii) the Commissioner has determined not to propose the award of a franchise to such owner to the Franchise and Concession Review Committee and sixty days have elapsed following notification to such owner of the Commissioner's determination; or (iii) the Franchise and Concession Review Committee has determined not to approve a proposed franchise agreement for such owner and sixty days have elapsed following notification to such owner of the Committee's determination. However, such public pay telephone may continue to be maintained and operated if, within any such sixty day period the owner enters into an agreement for the sale of such public pay telephone to another person who, at the time such agreement is concluded, is either a potential franchisee or has been awarded a franchise, and ownership of such public pay telephone is transferred within ninety days after such agreement is concluded.

*§ 6-23 Interim Registries.*

   *a. Deadline for submission.* An owner shall submit a registry to the Commissioner at the offices of the Department containing a listing of all interim eligible public pay telephones no later than March 15, 1996, provided however, that no public pay telephone

NYC019422

installed and activated subsequent to March 1, 1996 shall be included in such registry. Registries may be submitted at any time prior to March 15, 1996. A registry submitted on or before March 15, 1996 may be supplemented and/or ammended until March 31, 1996. A registry that does not comply with the provisions of this section shall not be accepted by the Commissioner.

*b. Form and contents.* (1) A registry shall be in the form prescribed by the Commissioner in Appendix A to this subchapter.

(2) A registry shall state:

(i) the name and address of the owner;

(ii) the geographic location of each public telephone identified on the registry and the type of mounting for each such telephone; and

(iii) the date of installation and activation of each public pay telephone identified on the registry.

*c. Certification.* A registry shall be accompanied by a notarized certification that the information on the registry is accurate and that each public telephone identified thereon provides (i) continuous twenty-four hour service, (ii) continuous twenty-four hour coinless 911 access and (iii) continuous New York State Public Service Commission approved operator services. Such certification shall be in the form prescribed by the Commissioner in Appendix B to this subchapter. In addition to any penalty provided pursuant to section 6-02 of this chapter, an owner who submits a certification pursuant to this subdivision knowing that such certification contains a false statement or false information shall be subject to prosecution under article one hundred seventy-five of the penal code and the telephones with respect to such certification shall be removed pursuant to section 6-25 of this chapter.

-7-

NYC019423

### *d. Fee for interim eligible public pay telephones.*

(1) The fee for each public pay telephone identified in a registry shall be seventy-five ($75) dollars a year. Such fee may be paid in full upon submission of the registry or may be payable quarterly following the schedule set forth below. Each payment shall specify, in the form prescribed by the Commissioner, whether the amount submitted represents yearly or quarterly payments.

(2) Quarterly payments shall be submitted each year as follows:

First payment: March 15, except that the first payment in the year 1996 shall be due on March 31;

Second payment: June 15

Third payment: September 15

Fourth payment: December 15.

(3) Partial payments shall not be accepted. An owner of interim eligible public pay telephones shall submit yearly payment in full or quarterly payment in full for each such telephone identified on the registry by the required date.

(4) In the event that the owner of interim eligible public pay telephone identified on a registry and otherwise in compliance with the provisions of this subchapter is awarded a franchise prior to the expiration of a period for which payment for such telephone has been received by the Department, the amount of such payment shall be prorated to the time remaining in such period, and the remainder shall be applied to the fee for a permit pursuant to the franchise.

(5) In the event that the Commissioner determines not to recommend the award of a franchise prior to the expiration of a period for which payment for a public pay telelphone

-8-

NYC019424

has been received by the Department, or in the event that the Franchise and Concession Review Committee determines not to award a franchise to such owner prior to the expiration of such period, the amount of such payment shall be prorated to the time that the Department receives certification that such telephone has been transferred or removed, and the remainder shall be be reimbursed to the owner.

(6) In the event that the Commissioner objects to a public pay telephone and requires the removal of such telephone pursuant to this subchapter, the fee paid for the interim registry of such public pay telephone shall be prorated to the time such telephone was authorized to be operated and maintained and the remainder shall, upon certification by the owner that such telephone has been removed, be reimbursed to the owner.


*§6-24  Objection by the Commissioner.* a. The Commissioner may object to the continued maintenance and operation of an interim eligible public pay telephone at the time a registry is submitted or any time thereafter. The Commissioner may make such objection upon the basis that the maintenance and operation of such public pay telephone: (i) poses a danger to life or property, including but not limited to the reasons that such telephone does not meet applicable standards in the Building Code, (Title 27, Chapter 1 of the Code), or such telephone does not have twenty-four hour coinless "911" access or New York State Public Service Commission approved operator service;   (ii) unreasonably interferes with the use of a street by the public; (iii) unreasonably interferes with the abutting property; (iv) is a public nuisance as such term is defined in section 23-401 of the Code or §6-01 of this Chapter, when a complaint, including but not limited to a complaint by the Community Board in the Community District in which such telephone is located, that such public pay telephone consitutes a public nuisance as so defined

NYC019425

has been verified by the police precinct in which such telephone is located; or (v) interferes with a street widening or other capital project.

b. Where the Commissioner objects to a public pay telephone pursuant to subdivision a of this section, he or she shall notify the owner of such telephone in writing. Such notice shall state the basis on which the Commissioner objects to the continued maintenance and operation of such telephone and shall specify the condition or conditions underlying such objection. The Commissioner may, in his or her discretion, permit such telephone to be operated and maintained subject to such corrective conditions as the Commissioner shall prescribe.

c. Within fifteen days of such notice of a Commissioner's objection, the owner may respond to the Commissioner in writing, and may (i) set forth any reason the owner believes the Commissioner's objection should be withdrawn or (ii) certify to the Commissioner, in a form prescribed by the Commissioner, that the condition underlying such objection has been corrected.

d. The Commissioner shall review such response and may determine whether or not to withdraw the objection. Where the Commissioner determines not to withdraw an objection to a public pay telephone, he or she shall notify the owner of such determination and the reasons therefor and shall require that such telephone be removed immediately or, if appropriate, afford such owner an opportunity to cure the condition underlying the objection, as appropriate. Such notice shall specify the time by which certification must be received that such condition has been corrected.

-10-

NYC019426

### § 6-25 Removal.

*a. Failure to Submit Registry.* An owner who fails to submit a registry pursuant to the provisions of this subchapter shall immediately remove all interim eligible public pay telephones..

*b. Additional Grounds for Removal.* In addition, an owner of an interim eligible public pay telephone shall immediately remove such telephone :

(i) if such telephone has not been identified in the registry submitted pursuant to the provisions set forth in section 6-21 of this subchapter;

(ii) upon the occurrence of an event described in section 6-22 of this subchapter;

(iii) upon an objection by the Commissioner to such telephone pursuant to section 6-24 of this subchapter, unless the condition underlying such objection could be cured without removing such telephone and such objection has been cured by the time required by the Commissioner or the Commissioner has withdrawn the objection;

(iv) if the fees for such telephone have not been paid by the required date;

(v) if the certification required pursuant to section 6-23 of this subchapter has been determined to be false.

*c. Removal by Department.* Upon failure of an owner to remove a public pay telephone as required by the provisions of this section, such telephone shall be subject to removal by the Department pursuant to paragraph (aa) of subdivision i of section 23-408 of the Code. The Commisssioner shall notify the owner that such telephone has been removed by the Department. Such notice shall inform the owner of the requirements for reclaiming such telephone. Where removal of a public pay telephone has been ordered by the Commisssioner pursuant to the provisions of subdivision b of section 23-404 of the Code due to a street widening or other

NYC019427

capital project, or other improvement, and the owner of such public pay telephone does not choose to install such telephone at a different location, the fee for such telephone shall be prorated to the time such telephone was authorized to be operated and maintained and the remainder thereof refunded to the owner.

   **d. *Failure by Owner to Remove.*** Failure to remove a public pay telephone as required by the provisions of this section shall constitute a violation of this subchapter and shall subject the owner of such telephone to the penalties provided therefor in section 6-02 of this chapter.

**§ 6-26 *Requirement of Registry as Precondition for Permit.*** An owner of an interim eligible public pay telephone who has been awarded a public pay telephone franchise shall be eligible to receive a permit pursuant to this chapter only if (i) the owner has identified such telephone on a registry of public pay telephones and submitted such registry and all interim occupancy fees for such telephone as required by the provisions of this subchapter, and (ii) the Commissioner has not objected to such telephone, or such objection has been withdrawn or the condition underlying such objection has been cured to the satisfaction of the Commissioner.

-12-

NYC019428

**Statement of Basis and Purpose:** Local Law Number 68 for the Year 1995 takes effect on March 1, 1996 and provides for the franchising and permitting of public pay telephones in New York City and authorizes the Commissioner of the Department of Information and Technology and Telecommunications to promulgate rules for the implementation of the permitting requirements and other requirements of the Law. Section 6 of Local Law 68 provides that telephones not previously licensed pursuant to former sections 19-131 and 19-128 of the Administrative Code of the City of New York and some new public pay telephones which have received permits from the Commissioner of the Department of Information Technologies and Telecommunications may continue to operate after March 1, 1996 under certain conditions if the owners submit registries identifying such telephones, and further authorizes the Commissioner to promulgate rules for such registries. The rule was not listed in the Agency's Regulatory Agenda because Local Law 68 had not been enacted at the time the Regulatory Agenda was published

-13-

NYC019429

## Appendix A - Public Pay Telephone Interim Registry Submission

The following is instructional information on the process of submitting a Public Pay Telephone Interim Registry to the Department of Information Technology and Telecommunications. The Interim Registry information submission is done in 2 parts. The first part is a single line providing information about the company. There should only be one single line entry with information about the company.
The second part is made up of multiple single line entries, one line providing information on each of the individual Public Pay Telephones being submitted as part of the company's registry. Each Public Pay Telephone (PPT) being submitted as part of the Interim Registry must have a line in part 2. Samples of each acceptable submission entry types are included. You must fill out all fields. Interim Registry submissions should be sent to:

The Department of Information Technology
and Telecommunications
11 MetroTech Center, Third Floor
11201
Att: PPT-IR Submission

### Computer Compatible Format
### ASCII Text-File Format
It is preferred that this information be supplied in computer compatible format, preferably in an ASCII text-file format submitted on a 3.5" diskette(s). Most spreadsheets, databases and word processor applications (for example LOTUS 123, DBASE, WORDPERFECT) provide for the conversion of their respective native files into an ASCII text-file format that allow for the transfer of data between applications.
If you cannot provide a converted ASCII text-file format from your computers application please submit it in its native format following the same order of columns or fields as requested. See Spreadsheet, Database and Word processor Submissions.
The ASCII Text-File information being requested is column dependent. That is, the number of characters in a column is preset and must not be altered. If the data requested does not fill up an entire designated column then the rest of the field should be filled with spaces until the total amount of characters for the designated columns is entered. For example, if your company name (columns 1-50) fills columns 1 through 35, then columns 36 through 50 should be filled with space characters. We have attempted to allow for a wide variety of entries. If the data requested does not fit in the column then use standard abbreviations. This should be followed for all columns. A breakout of the required fields and their respective column positions is described in Table I.

### Spreadsheet, Database and Word processor Submissions
If you are submitting a spreadsheet, database or word processor file then the respective columns or fields must follow the specified order and breakdown as those stated in the ASCII text-file format. The amount of information taken from any one column or field will be the same as that reflected in the ASCII text-file format. The company information columns / fields and the PPT information columns / fields should be the same width, conforming to whichever column / field is larger.

### Hand written / Typed Submissions
Hand written or typed submissions must follow the same format as the computer compatible entries. They should either be typed or clearly printed. A blank form is appended that may be copied should more pages be required.

### Interim Registry Payments
All payments must be made by check or money order payable to: The NYC Department of Finance

- 1 -

NYC019430

# Appendix A - Public Pay Telephone Interim Registry Submission

## Sample 1  ASCII Text-File Format

### First Part - Company Information

Blue Rock Communications, Inc  1500 Bluebird St.          Binghamton  NY  113590110  Jackie Q. Smith  President  9145648700
|----------30 31----------------------------------------100 101------------------125 126-127 128---------136 137----------------146 147--------

### Second Part - PPT Information

2125553210 MN  123-45  Queens Blvd* SE  Broadway  44 St* 42 St  8 Ave  7 Ave  I:*  Pedestal  Small  N  06/14/93  07/02/93  OSP PROS, INC.
|---------10 11-12---20 21-24------------43 44-45 46--------63 66---85 86----105 106---125 126---145 146  147---156 157---166 167 168---175 176----188 1 88--------233

* Use only one method of providing PPT location per unit. Unused methods should contain all spaces.

## Sample 2  Spreadsheet, Database and Word processor Submissions

| Blue Rock Communications, Inc | 1500 Bluebird St | Binghamton | NY | 113590110 | Jackie Q. Smith | President | 9145648720 20 |
|---|---|---|---|---|---|---|---|
| 2125553210 | MN | 123-45 | Queens Blvd* | SE | Broadway | 44 St* | 42 St | 8 Ave |

### Spreadsheet, Database and Word processor Submissions (continued)

| 7 Ave | I:* | Pedestal | Small | N | 06/14/93 | 07/02/93 | OSP PROS INC. |
|---|---|---|---|---|---|---|---|

* Use only one method of providing PPT location per unit. Unused methods should contain all spaces.

## Sample 3  Manual Entry Sheet for Public Pay Telephone Interim Registry Submission

### First Part - Company Information

| Company Name | Company Street Address | City | State | Zip Code + 4 | Company Telephone Number | Contact | Contact Title | Fax Number |
|---|---|---|---|---|---|---|---|---|
| Blue Rock Communications, Inc | 1500 Bluebird St | Binghamton | NY | 113590110 | 9145648700 | JackieQ Smith | President | 9145648720 |

See guidelines in Table 1 Part 1

### Second Part - PPT Information

| Telephone number | Dnns | PPT location 1 * | | PPT location 2 * | | PPT location 3 * | | I:* |
|---|---|---|---|---|---|---|---|---|
| 2125553210 | MN | 123-45 | QueensBlvd* | Broadway | SE | 42 St | 8 Ave | 7 Ave |
| | | 44St* | | | | | | |

| Mounting Type | Housing Type | Curbside Installation | Installation Date | Activation Date | Operator Service Provider |
|---|---|---|---|---|---|
| Pedestal | Small | N | 06/14/93 | 07/02/93 | OSP PROS INC. |

See guidelines in Table 1 Part 2.   * Use only one method of providing PPT location per unit.

NYC019431

Appendix A - Public Pay Telephone Interim Registry Submission

## Table I

Part 1 - Company information. One line for entire file, followed by Part 2.

| Item Number | Columns | Description |
|---|---|---|
| 1 | 1-50 | **Company Name** Insert the name of the company as it would appear in any legally binding document. e.g. Blue Rock Communications, Inc. |
| 2 | 51-100 | **Company Street Address** e.g. 1500 Bluebird St. |
| 3 | 101-125 | **City** e.g. Binghampton |
| 4 | 126-127 | **State** Note: 2 characters maximum, no periods. e.g. NY |
| 5 | 128-136 | **Zip Code + 4** Standard Zip Code plus 4 digit extension, if available, **without** dashes or blanks. e.g. 113590110 |
| 6 | 137-146 | **Company Telephone Number** Area Code and 7 digit number, **without** dashes or blanks. e.g. 9145648700 |
| 7 | 147-196 | **Contact -** Place name of company contact person in First Name, Middle Initial, Last Name order. **Do not include the commas.** e.g. Jackie Q. Smith |
| 8 | 197-221 | **Contact Title** e.g. President |
| 9 | 222-231 | **Fax Number** Area Code and 7 digit number, **without** dashes or blanks. e.g. 9145648720 |

NYC019432



# Table I

**Part 2** - PPT information. One line for each PPT entry.

| Item Number | Columns | Description |
|---|---|---|
| 1 | 1-10 | **Telephone number**<br>Area Code and 7 digit number, <u>without</u> dashes or blanks.<br>e.g. 2125553210 |
| 2 | 11-12 | **Borough**<br>e.g. Manhattan = MN Bronx=BX Brooklyn=BK Staten Island=SI Queens=QN |
| 3a | 14-23<br>24-43 | **PPT location 1. ***<br>Street address - This is the first, and most preferable, of three available methods to provide the physical location of a PPT. It is done in 2 sections. The first section (columns 14-23) should provide the street number, e.g. 123-45, the second section (columns 24-43) should provide the street name, e.g. Queens Blvd |
| 3b | 44-45<br>46-65<br>66-85 | **PPT location 2. ***<br>Corner installations - This method describes corner installations that are not tied to a street address. It is done in 3 sections.<br>The first section (columns 44-45) should provide the compass direction of the PPT location at the intersection. i.e. Northwest=NW, Northeast=NE. Southwest=SW, Southeast=SE.<br>The second section (columns 46-65) should provide the primary intersecting street, e.g. Broadway<br>The third section (columns 66-85) should provide the secondary intersecting street, e.g. 44 St |
| 3c | 86-105<br>106-125<br>126-145<br>146 | **PPT location 3. ***<br>Mid block installations - This method describes mid block installations that are not tied to a street address. It is done in 4 sections.<br>The first section (columns 86-105) should provide the street the <u>PPT is located on.</u><br>e.g. 42 St<br>The second section (columns 106-125) should provide the first bordering street, e.g. 8 Ave<br>The third section (columns 126-145) should provide the second bordering street, e.g. 7 Ave<br>The fourth section (column 146) should provide the compass direction of the side of the street the PPT is located on, i.e. North=N South=S East=E West=W |

-4-

NYC019433

### Appendix A - Public Pay Telephone Interim Registry Submission

| 4 | 147-156 | **Mounting Type** Describe the type of mounting supporting the PPT, e.g. Pedestal, Wall or if it is another type, describe. |
|---|---------|---|
| 5 | 157-166 | **Housing Type** Describe the type of housing around the PPT, i.e. None, Small (i.e. 'Sardine Can'), 3/4 Booth or if it is another type, describe. |
| 6 | 167 | **Curbside installation** If PPT is installed at the curbside indicate by typing 'Y', if not type in 'N'. |
| 7 | 168-175 | **Installation Date** Note the date of original installation of the PPT. Format is MM/DD/YR, e.g. 06/14/93. |
| 8 | 176-183 | **Activation Date** Note the date of original activation of the PPT. Format is MM/DD/YR, e.g. 07/02/93. |
| 9 | 184-233 | **Operator Service Provider** Note the name the Operator Service Provider for the PPT, e.g. OSP PROS INC. |

* Use only one method of providing PPT location per unit. Unused methods should contain all spaces.

- 5 -

NYC019434

Appendix A – Public Pay Telephone Interim Registry Submission

## Manual Entry Sheet for  Public Pay Telephone Interim Registry Submission
### Please type or print clearly

### First Part - Company Information

| Company Name | Company Street Address | City | State | Zip Code + 4 | Company Telephone Number | Contact | Contact Title | Fax Number |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |

See guidelines in Table I Part 1.  This entry should be submitted only once.

### Second Part - PPT Information

| Telephone number | Boro | PPT location 1 * |  | PPT location 2 * |  | PPT location 3 * |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

| Mounting Type | Housing Type | Curbside Installation | Installation Date | Activation Date | Operator Service Provider |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

See guidelines in Table I Part 2.   * Use only one method of providing PPT location per unit.

### Second Part - PPT Information

| Telephone number | Boro | PPT location 1 * |  | PPT location 2 * |  | PPT location 3 * |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

| Mounting Type | Housing Type | Curbside Installation | Installation Date | Activation Date | Operator Service Provider |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Second Part - PPT Information

| Telephone number | Boro | PPT location 1 * |  | PPT location 2 * |  | PPT location 3 * |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

| Mounting Type | Housing Type | Curbside Installation | Installation Date | Activation Date | Operator Service Provider |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

· 6 ·

NYC019435

# Appendix A – Public Pay Telephone Interim Registry Submission

## Please type or print clearly

### Second Part - PPT Information

| Telephone number | Boro | PPT location 1. * | | | PPT location 2. * | | PPT location 3. * |
|---|---|---|---|---|---|---|---|
| Mounting Type | Housing Type | Curbside Installation | Installation Date | Activation Date | Operator Service Provider | | |

### Second Part - PPT Information

| Telephone number | Boro | PPT location 1 * | | | PPT location 2. * | | PPT location 3. * |
|---|---|---|---|---|---|---|---|
| Mounting Type | Housing Type | Curbside Installation | Installation Date | Activation Date | Operator Service Provider | | |

### Second Part - PPT Information

| Telephone number | Boro | PPT location 1 * | | | PPT location 2. * | | PPT location 3. * |
|---|---|---|---|---|---|---|---|
| Mounting Type | Housing Type | Curbside Installation | Installation Date | Activation Date | Operator Service Provider | | |

### Second Part - PPT Information

| Telephone number | Boro | PPT location 1. * | | | PPT location 2. * | | PPT location 3. * |
|---|---|---|---|---|---|---|---|
| Mounting Type | Housing Type | Curbside Installation | Installation Date | Activation Date | Operator Service Provider | | |

- 7 -

NYC019436

**APPENDIX B**

## CERTIFICATION

This certification must be completed before a notary public by the owner or authorized representative of the owner of the public pay telephones identified on the registry submitted herewith.

A MATERIAL FALSE STATEMENT OR OMISSION MADE IN THE INFORMATION SUBMITTED ON A DOCUMENT SUBMITTED IN CONNECTION WITH ANY PUBLIC PAY TELEPHONE IDENTIFIED ON THE REGISTRY OF PUBLIC PAY TELEPHONES AFFIXED HERETO IS SUFFICIENT CAUSE FOR REMOVAL OF SUCH TELEPHONE FROM THE REGISTRY, THEREBY REQUIRING THE REMOVAL OF SUCH TELEPHONE FROM ITS LOCATION AND PRECLUDING THE OWNER FROM OBTAINING A PERMIT FOR SUCH TELEPHONE PURSUANT TO LOCAL LAW 68 FOR THE YEAR 1996. IN ADDITION, SUCH FALSE SUBMISSION MAY SUBJECT THE OWNER AND/OR ENTITY MAKING THE FALSE STATEMENT TO CRIMINAL CHARGES.

NYC019437

[_____ (full name), being the owner (or an authorized representative of the owner) of the public pay telephones identified on the registry submitted herewith. _____ (name of owner), and being duly sworn. do hereby certify that, to the best of my knowledge, the information presented in this and any accompanying document as noted below, including any form of computer diskette, is, to be best of my knowledge, truthful, accurate and complete.

I certify further that each public pay telephone identified on the registry submitted herewith provides twenty-four hour coinless 911 service and operator service in compliance with the requirements of the New York State Public Service Commission and is in compliance with the safety requirements contained in the Building Code ( Administrative Code of the City of New York, Title 27, Chapter 1).

Accompanying documents (include any submission, such as computer diskette):

_____.        _____.
_____.        _____.
_____.        _____.
_____.

Company:_____

Title: _____

Print Name:_____

Signature:_____


Sworn to me
this ____ day of ____, 199_.

_____
(Notary Public)

NYC019438

Notice of Rule Regarding Public Pay Telephones

NOTICE IS HEREBY GIVEN PURSUANT TO THE AUTHORITY VESTED IN THE Commissioner of the Department of Information Technology and Telecommunications by Section 1072 of the New York City Charter and Local Law Number 68 for the Year 1995, and in accordance with Section 1043 of the Charter, including a public hearing held on due notice, that the Department of Information Technology and Telecommunications hereby adopts new subchapters 3 and 4 of a new chapter 6 of Title 67 of the Rules of the City of New York, relating to permits and other requirements for Public Pay Telephones. Matter underlined is new. This rule shall become effective thirty (30) days from the date hereof.

NYC019439

## SUBCHAPTER 3

## PERMITS FOR PUBLIC PAY TELEPHONES

§ 6-30 *Permit Required.* a. Except as provided in subchapter 2 of this chapter in regard to interim eligible public pay telephones and subdivision a of section 5 of Local Law Number 68 for the Year 1995 in regard to telephones licensed pursuant to former sections 19-131 or 19-128 of the Code, no public pay telephone shall be installed, operated or maintained on, over or under any street or other inalienable property of the City unless the owner of such telephone has received a permit for such telephone from the Commissioner pursuant to the provisions of this subchapter.

b. A permit shall include such terms and conditions for the operation of a public pay telephone as the Commissioner deems necessary to protect the public safety and to safeguard the interests of the City, including but not limited to the requirements that such telephone be in compliance with the requirements set forth in subchapter 4 of this chapter.

c. A permit issued pursuant to this subchapter is valid only for the public pay telephone for which such permit was issued and may not be transferred to a person other than the owner to whom such permit was issued without the written approval of the Commissioner.

d. Notwithstanding any other provision of this chapter, a permit for a public pay telephone shall not be issued unless the owner of such telephone demonstrates that he or she has obtained all permissions required by applicable provisions of Federal, State and

-2-

NYC019440

local law, as well as rules and regulations promulgated and agreements entered into pursuant thereto.

**§ 6-31 Issuance of Permits.** The Commissioner may issue permits based upon a determination, at his or her discretion, that issuance of a permit would be in the best interests of the City. A permit shall not be issued: unless the applicant possesses a franchise to install, maintain and operate public pay telephones on, over and under the streets and other inalienable property of the City; unless the applicant has, where required, obtained the consent of the owner or commercial lessee of a building as provided in section 6-34 of this chapter; or where a public pay telephone will unreasonably interfere with the use of a street by the public or where it will unreasonably interfere with the use of the abutting property.

**§6-32 Application and Fee for Permit.** An application for a permit to install, operate and maintain a public pay telephone shall be in the form prescribed by the Commissioner in Appendix C to this chapter and shall contain the information required therein, including but not limited to the name and address of the owner of the public pay telephone for which application is being made, the precise location of such telephone and a description of the mounting in which the telephone is installed and shall, except as provided in subdivision a of section 6-38.1 of this subchapter in regard to permits issued to the telephone company for previously licensed telephones, be accompanied by the permit fee of $59.

**§ 6-33 Term of Permit; Termination of Permit.**

-3-

NYC019441

a. A permit for a public pay telephone shall continue in effect, unless earlier revoked or suspended by the Commissioner pursuant to section 6-37 of this subchapter, for the term of the franchise held by the owner of such telephone except: (i) as provided in subdivision a of section 6-38 of this chapter in regard to newly permitted telephones owned by the telephone company; (ii) as provided in subdivision b of this section; or, (iii) as provided in subdivision b of section 6-38 of this subchapter in regard to a public pay telephone the owner of which has not been awarded a franchise.

b. (i) The Commissioner may terminate a permit and require the removal of a public pay phone upon a determination that (a) as a result of changed conditions, the public pay telephone unreasonably interferes or will unreasonably interfere with the use of a street by the public or constitutes a public nuisance; or (b) that removal of the public pay telephone is required in connection with a street widening or other capital project.

(ii) The Commissioner shall notify the permittee of his or her intention to terminate the permit and the reason for such proposed action. No later than five business days following such notification, the permittee may submit a letter to the Commissioner setting forth any reasons why such permit should not be terminated and such telephone removed. The Commissioner shall review the reasons set forth in such letter and shall determine whether to terminate the permit and require the removal of the telephone. The Commissioner shall notify the permittee of his or her final determination and the reasons therefor and shall, where applicable, specify in such notice the date by which the telephone shall be removed. In the event that the permittee fails to remove the public pay telephone by the date specified by the Commissioner, the Commissioner may remove or cause the removal of the public pay telephone

-4-

NYC019442

and have repair and restoration work performed at the expense of the permittee, who shall be liable in a civil action for the amount expended by the City.

(iii) In the event that a public pay telephone is removed in connection with a street widening or capital project as provided in paragraph (i) of this subdivision, the permittee may apply to the Commissioner for permission to reinstall the public pay telephone at another location or, following the completion of such street widening or capital project, at or near its original location. Where such permission is granted, the permittee shall not be required to obtain a new permit for the public pay telephone and the permit previously issued for such public pay telephone shall continue in effect. In the event that the permittee elects not to install such public pay telephone at another location, the fee for such a permit shall be kept in reserve and may be applied to the next permit requested by the permittee. If such public pay telephone is reinstalled at another location, the permittee may apply to the Commissioner for a new permit to install another public pay telephone following the completion of such street widening or capital improvement at or near the original location of the public pay telephone previously removed in connection therewith, provided that the permittee has paid the required fee for such permit or has applied a reserved fee to such permit.

### § 6-34  Consent of Building Owner/Commercial Lessee Required.

*a. Opening, drilling or other physical alteration.* No permit for a public pay telephone shall be issued or renewed pursuant to this subchapter without the written consent of the owner of an affected building or other private property where the installation of such public pay telephone requires the opening, drilling or other physical alteration of a building facade or other private property, or the affixing of such telephone to a building facade or other private

NYC019443

property. Such consent shall be in the form contained in Appendix D to this chapter, shall be notarized and shall clearly identify the building or other private property affected, the person to whom consent is given and the location on the facade of the building or other private property for which consent is given and the nature of such opening, drilling or other physical alteration.

b. *Access through conduit.* (i) Where the installation of a public pay telephone, if accomplished in a manner other than described in subdivision a of this section, requires access through an existing conduit or other opening on a building facade or other private property, or such installation is to be made within six feet of a building line, no permit shall be issued or renewed without the written consent of the building owner or the commercial lessee where the commercial lessee has certified (a) that the building owner has authorized the lessee to grant such consent, and (b) that the lessee has provided the building owner or its authorized agent with written notification by certified mail of the granting of such consent, the name and address of the owner of the public pay telephone and the location of such public pay telephone in relation to the building. Receipt from the United States Postal Service or other certified carrier shall be included in the permit application as proof of mailing of such notification to the building owner or its authorized agent.

(ii) Within thirty (30) days of receipt of a commercial lessee's consent pursuant to paragraph (i) of this subdivision, a building owner or an authorized agent of an owner may object to the installation of a public telephone by notifying the applicant for a permit or the permittee, with a copy to the Commissioner, by certified mail. Within ten days of receipt of a notice in compliance with the provisions of this paragraph, such applicant or permittee shall remove such public telephone unless he or she responds to the Commissioner, with a copy of

-6-

NYC019444

such response to the owner, stating why the applicant or permittee believes that the owner lacks authority to object to the installation.

(iii) The provisions of paragraph (i) of this subdivision shall not apply in regard to a public pay telephone installed and activated on or before August 1, 1994 that has been in continuous use since such activation date and for which application for a permit has been made within thirty days of the award of a franchise to the owner of such telephone.

### § 6-35  Notification  by Department  to Agencies  and Review of  Application for Permits.

a. Notification. The Department shall notify the Department of Transportation and the Landmarks Preservation Commission, or any sucessor of such agencies, on a bi-weekly basis of the locations of public pay telephones for which permits are being sought, except for the telephones identified in the application described in subdivision a of section 6-38.1 of this subchapter. Such agencies may review such locations and, within ten (10) business days of such notification, submit comments to the Commissioner in regard to any such telephone or telephones. The Department shall also, on a bi-weekly basis, notify the Community Boards in the appropriate Community Districts of the locations for which permits are being sought for new public pay telephones. A Community Board may review such locations and, within ten (10) business days of such notification, submit comments to the Commissioner in regard to any such telephone or telephones.

b. Review of Comments and Application. The Commissioner shall review the application for permits and any comments received from such agencies prior to making a determination regarding such permits.   The Commissioner shall notify the owner of any

-7-

NYC019445

requirement that shall be a condition of the issuance of a permit. The owner may, within five (5) business days of such notice from the Commissioner, object in writing to the Commissioner to any such condition. The Commissioner shall review such objection and notify the owner of his or her determination and the reasons therefor.

§6-36  *Revocation of Permits, Removing and Rendering Public Pay Telephones Inoperable.*

   *a. Grounds for Action by the Commissioner.* The Commissioner may take such action pursuant to this section that he or she or she deems necessary and appropriate where:

   (i) there is reasonable cause to believe that an owner, or any employee, agent or independent contractor of such owner has violated the provisions of chapter 4 of title 23 of the Code or any provision of this chapter, or any of the terms or conditions contained in the permit for a public pay telephone issued pursuant to the provisions of this subchapter;

   (ii) a public pay telephone unreasonably interferes with the use of a street by the public or the use of abutting private property or constitutes a danger to life or property or a public nuisance;

   (iii) a knowing material omission or false statement has been made in relation to any application or certification made pursuant to this chapter; or

   (iv) an owner of a public pay telephone has failed to pay any fines or penalties imposed in relation to such telephone.

   *b. Actions by the Commissioner.* In addition to any civil or criminal penalties provided by law, the Commissioner may take one or more of the following actions upon the occurrence of an event described in subdivision a of this section.

-8-

NYC019446

(i) *Revocation of Permit and Removal of Telephone.* The Commissioner may revoke a permit, and, upon such revocation, may further order the removal of the public pay telephone for which such permit has been issued. In the event the permittee fails to remove the public pay telephone and to perform related repair and restoration work within the time period specified by such order, the Commissioner may remove or cause the removal of the public pay telephone and have repair and restoration work performed at the expense of the permittee, who shall be liable for the amount expended by the City.

(ii) *Rendering a Telephone Inoperable.* The Commissioner may render a public pay telephone inoperable except for the purpose of emergency telephone service through the 911 system or an operator. Such action may continue until the permittee has corrected the condition to the satisfaction of the Commissioner and payment has been made of all civil penalties imposed for the violation and any fees for any administrative expense or expense of additional inspections incurred by the City as a result of such condition. The Commissioner shall affix to any public pay telephone rendered inoperable pursuant to this paragraph a notice advising the public that the phone may be used only for emergency telephone service through the 911 system or an operator and setting forth the provisions of subdivision j of section 23-408 of the Code. Any device utilized by the Commissioner for the purpose of rendering a public pay telephone inoperable shall be designed so as to permit the unimpaired use of the public pay telephone upon the removal of the device;

(iii) *Suspension of Review of Applications.* The Commissioner may suspend review of all applications for the issuance or renewal of permits filed by such owner pursuant to this chapter. Such suspension may continue until the condition has been corrected to the satisfaction of the Commissioner and payment has been made of all fines or civil penalties

NYC019447

imposed for the violation, any costs incurred by the City for removal and related repair or restoration work, and any fees for any administrative expense or expense of additional inspections incurred by the City as a result of such condition.

  c. *Notification to Permittee and Opportunity to Contest Commissioner's Action.* Except as provided in subdivision e of this section, before taking an action pursuant to this section, the Commissioner shall notify the owner of a public telephone with regard to which the action is proposed of the reason for such proposed action. Such notice shall specify the action, if any, that may be taken by the permittee to correct the condition and the manner and time period in which such condition must be corrected or in which, if the condition is not one that is capable of correction, the time by which the telephone shall be removed. Except as provided in subdivision d of this section the owner shall respond, no later than five business days following such notice. Such response shall either (i) certify to the Commissioner that such condition has been corrected in accordance with the manner specified by the Commissioner in such notice; or (ii) set forth the reasons why the Commissioner should not take the proposed action. Failure of an owner to timely respond to such notice by the Commissioner shall constitute default, and shall subject the owner to revocation of the permit and removal of the telephone pursuant to the provisions of subdivision a of this section. The Commissioner shall review the response of the permittee and  notify the permittee of the final determination and the reasons therefor.

  d. *Expedited Removal of Public Nuisance.*  Notwithstanding any other provision of this section, the Commissioner may, upon determination that a public pay telephone constitutes a public nuisance, notify the permittee of such determination and order that such telephone be removed within five (5) business days. A permittee may respond in writing to the

-10-

NYC019448

Commissioner no later than five (5) business days following receipt of such notice setting forth any reasons why such telephone does not constitute a public nuisance. If, following review of such reasons, the Commissioner makes a final determination that such telephone constitutes a public nuisance, the Commissioner shall notify the permittee that such telephone must be removed forthwith. Failure to remove such telephone forthwith will subject the telephone to removal by the Department and repair and restoration work shall be performed at the expense of the permittee, who shall be liable in a civil action for the amount expended by the City .

　　　　*e. Emergency Removal of Telephone by Department.* (i) Notwithstanding any other provision of this section, if the Commissioner determines that an imminent threat to life or property exists, the Commissioner may remove or cause the removal of a public pay telephone and have repair and restoration work performed at the expense of the owner, without affording the owner an opportunity to be heard prior to such removal. The Commissioner may, if he or she determines that such telephone can be safely reinstalled and maintained, permit the owner to reinstall such telephone.

　　　　(ii) No more than five (5) business days following the removal of a public pay telephone pursuant to paragraph (i) of this subdivision, an owner of such telephone who is a permittee shall be provided notice of such removal and the reasons therefor and may respond to the Commissioner in writing setting forth the reasons why such telephone should not have been removed. The Commissioner shall review such response and notify such owner within ten days of receipt of such response of his or her final determination and the reasons therefor.

*§ 6-37 Determination of Public Nuisance.* For the purposes of this subchapter, "public nuisance" shall have the meaning set forth in section 23-401 of the Code and section 6-01 of

NYC019449

subchapter one of this chapter and the Commissioner may determine that a public pay telephone constitutes a public nuisance when a complaint, including but not limited to a complaint by the Community Board in the Community District in which such telephone is located, that such public pay telephone constitutes a public nuisance as so defined, has been verified by the police precinct in which such telephone is located.

### § 6-38  Interim Issuance of Permits.

*a. New Telephones Owned by the Telephone Company.* Notwithstanding the provisions of section 6-31 of this subchapter which limit the issuance of permits to persons who possess a franchise to install, maintain or operate public pay telephones on, over or under any street or other inalienable property of the City, the telephone company may, if it is in compliance with the provisions of subchapter 2 of this chapter with respect to its public pay telephones installed and activated prior to March 1, 1996 and not licensed pursuant to former sections 19-131 or 19-128 of the Code, apply to the Commissioner on or after March 1, 1996 for the issuance of permits for the installation, operation and maintenance of new public pay telephones. A permit issued pursuant to this paragraph shall remain in effect until March 1, 1999 unless the telephone company is awarded a franchise, in which case such permit shall expire upon the expiration of such franchise.

*b. Other Telephones.* Notwithstanding the provisions of section 6-31 of this subchapter which limit issuance of permits to persons who possess a franchise to install, operate or maintain public pay telephones on, over or under any street or other inalienable property of the City, an owner of public pay telephones other than the telephone company may apply to the Commissioner for the issuance of permits for the installation, operation or maintenance of new

-12-

NYC019450

public pay telephones provided that: (i) all public pay telephones of such owner installed and activated prior to March 1, 1996 are identified on a registry submitted to the Department by such owner and the owner has paid the occupancy fee for such telephones as provided in subchapter one of this chapter; and (ii) none of the following has occurred: (aa) the owner has declined to respond to the request for proposals or other solicitation of proposals issued by the Department for the purpose of entering into franchise agreements for the installation, operation and maintenance of public pay telephones within the time period specified in such request for proposals or other solicitation of proposals; (bb) the Commissioner has determined not to propose the award of a franchise to such owner to the Franchise and Concession Review Committee or (cc) the Franchise and Concession Review Committee has determined not to approve the proposed franchise agreement for such owner.    Permits issued pursuant to this subdivision shall expire upon the occurrence of any of the foregoing.    In the event that the owner is granted a franchise to install, operate and maintain public pay telephones, such permits shall continue in effect for the term of the franchise.

     *c. Transfer of Permits.*    A permit issued pursuant to this section may be transferred to an owner other than the owner to whom the permit was issued, provided that such transfer has the written approval of the Commissioner and provided further that none of the following has occurred with respect to the owner to whom the permit is proposed to be transferred: (i) such owner has failed to respond to a request for proposals or other solicitation of proposals issued by the Department for the purpose of entering into a franchise agreement for the installation, operation and maintenance of public pay telephones within the time period specified in such request for proposals or other solicitation of proposals; (ii) the Commissioner has determined not to propose the award of a franchise to such owner to the franchise and

-13-

NYC019451

concession review committee; or (iii) the franchise concession review committee has determined not to approve the proposed franchise agreement for such owner.

### § 6-38.1  Conversion of Licensed and Interim Registry Public Pay Telephones to Permit Status Following  Franchise Award.

#### a. Previously Licensed Telephones Owned by the Telephone Company.

(i) In the event that the telephone company is awarded a franchise for the installation, operation and maintenance of public pay telephones, the telephone company may request the issuance of permits for any or all existing telephones owned by such company for which a license previously was issued pursuant to former sections 19-131 or 19-128 of the Code. Such application shall consist of a letter identifying the precise location and license number of each existing public pay telephone for which the telephone company seeks a permit. Notwithstanding any other provision of this subchapter, no fee shall be charged for a permit pursuant to this subdivision. Any existing public pay telephone for which the telephone company does not seek a permit shall be removed by the telephone company no later than sixty days following the award of such franchise, and, if not so removed, shall be subject to removal pursuant to section 23-408 of the Code. Failure to remove shall also be deemed a violation for purposes of subdivisions b and c of such section.

(ii) The Commissioner shall issue permits requested pursuant to this subdivision no later than ninety days following the award of the franchise unless: (aa) within sixty days following the award of the franchise, the Commissioner has objected to the continued maintenance and operation of an existing public pay telephone upon the basis that such continued

-14-

NYC019452

maintenance and operation would be inconsistent with the provisions of Local Law Number 68 for the Year 1995, or would not be in compliance with the provisions of this chapter or of any Federal or State regulatory authority having jurisdiction over the provision of public pay telephone service; and (bb) such conditions has not been cured within the time specified by the Commissioner. The telephone company shall remove all existing public pay telephones for which a permit has not been granted pursuant to this paragraph on or before the one hundred twentieth (120) day following the date the franchise is granted and, if not so removed, such telephones shall be subject to removal pursuant to section 23-408 of the Code and shall be deemed a violation for purposes of subdivisions b and c of such section.

   *b. Telephones Owned by Companies other than the Telephone Company.* (i) No later than thirty (30) days following the award of a franchise to an owner other than the telephone company, such owner may apply for the issuance of permits for those public pay telephones identified in a registry submitted pursuant to subchapter two of this chapter for which the Commissioner made no objection or an objection was cured within the time required by the Commissioner; provided all the annual interim occupancy fees have been paid for the public pay telephones in such registry. Any such public pay telephone for which such owner does not apply for a permit shall be removed by the owner within sixty days following the award of the franchise, and if not so removed, shall be subject to removal pursuant to section 23-408 of the Code and shall also be deemed a violation for purposes of subdivisions b and c of such section.

   (ii) An owner who has submitted an application pursuant to paragraph (i) of this subdivision shall not be required to remove the public pay telephone to which such application relates unless and until the earlier of the following has occurred: (a) the owner fails to timely cure a condition specified in a notification provided by the Commissioner or (b) the application

-15-

NYC019453

for a permit for such telephone is denied. Any such public pay telephone shall be removed within thirty days of an occurrence described in this paragraph and, if not so removed, shall be subject to removal pursuant to section 23-408 of the Code and shall also be deemed a violation for purposes of subdivisions b and c of such sections.

§ 6-39 *Removal of Telephones by the Department and Disposition of Removed Telephones.* a. Any public pay telephone not removed by a permittee in compliance with an order of the Commissioner pursuant to this chapter shall be subject to removal pursuant to section 23-408 of the Code, and failure to so remove shall also be deemed a violation of subdivisions b and c of such section.

b. Any telephone removed pursuant to this chapter which is not claimed by the owner within thirty (30) days of removal shall be deemed abandoned. All abandoned public pay telephones may be sold at public auction after having been advertised in the City Record and the proceeds paid into the general fund or such abandoned telephones may be used or converted for use by the Department or by another City agency. A public pay telephone shall be released to the owner upon payment of the costs of removal, repair and restoration work, and of storage, any fees for any administrative expense or expense of additional inspections incurred by the Department as a result of the violation, or, if any action or proceeding for the violation is pending in a court or before the Environmental Control Board, upon the posting of a bond or other form of security acceptable to the Commissioner in an amount which will secure the payment of such costs and any fines or civil penalties which may be imposed for the violation.

-16-

NYC019454

## SUBCHAPTER 4 - REQUIREMENTS FOR PUBLIC PAY TELEPHONES

*§ 6-40*    A public pay telephone for which a permit has been issued pursuant to subchapter three of this chapter shall comply with the requirements set forth in this subchapter provided, however, that the provisions of section 6-41 of this subchapter shall not apply to: (i) a public pay telephone permitted pursuant to this chapter that was previously licensed pursuant to former sections 19-131 or 19-128 of the Code; or (ii) to a public pay telephone permitted pursuant to this chapter installed prior to March 1, 1996 that was listed on an interim registry pursuant to the provisions of subchapter 2 of this chapter and that has not been objected to by the Commissioner pursuant to section 6-24 of this chapter. A public pay telephone that is not in compliance with the provisions of this subchapter shall be in violation thereof and the owner of such telephone shall be subject to the penalties set forth in section 6-02 of this chapter.

*§6-41 Location Requirements.*

    *a. Pedestrian Passage.* Sidewalk clearance must be maintained so as to insure a free unobstructed pedestrian passage of eight feet or one-half the width of the sidewalk, whichever is greater.

    *b. Crosswalks and Sight Lines.* Pay telephone installations shall not obstruct or interfere in any manner with curb cuts or crosswalks and shall not interfere with free, unobstructed passage and unobstructed lines of sight for vehicular traffic.

    *c. Fire Escapes and Building Access.* A public pay telephone may not be located where it will interfere with the normal operations of a fire escape or where it will obstruct or impede the free use of any means of egress required by the Building Code.

NYC019455

*d. Underground Vaults.* A public pay telephone shall not be installed in such a manner so as to affect the structural integrity of an underground vault.

*e. Distances required.* (i) A public pay telephone shall not be installed within three (3) feet of an improvement located on a landmark site, as such terms are defined in section 25- 302 of the Code, if the Department has received a written objection to the installation of such telephone from the Landmarks Preservation Commission.

(ii) Unless otherwise authorized by the Commissioner in writing, public pay telephones shall not be installed within:

15 feet of the entrance way of an outdoor or elevated subway entrance, except where the public pay telephone is attached to, or is immediately adjacent to, the building and clear pedestrian passage is maintained ;

5 feet from an interior subway entrance;

15 foot radius of a fire hydrant and, unless otherwise authorized by the Commissioner in writing, within 5 feet of a standpipe and/or sprinkler, siamese or wall hydrant;

3 feet from a subway grate or manhole on the curbline;

15 feet of a sidewalk cafe;

15 feet of a bus stop zone unless the public pay telephone is attached to a bus stop shelter within the zone or is installed at the building line and does not obstruct pedestrian passage on the sidewalk;

15 feet of a newsstand unless the public pay telephone is attached to such newsstand or is installed at the building line and does not obstruct pedestrian passage of the sidewalk;

-2-

NYC019456