# Exhibit MM



# Exhibit NN

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
ILANN M. MAAZEL
ERIC HECKER
MARIANN MEIER WANG
SARAH NETBURN
KATHERINE ROSENFELD
O. ANDREW F. WILSON
ALBA R. MORALES
ELIZABETH S. SAYLOR
KENNISHA A. AUSTIN

**EMERY CELLI BRINCKERHOFF & ABADY LLP**

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA, 20TH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE
(212) 763-5000
TELECOPIER
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

September 19, 2007

**By Email**

Sheryl Neufeld, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007

Re:   *Metro Fuel LLC v. City of New York*

Dear Sheryl:

As you are aware, this firm represents Metro Fuel LLC ("Fuel") in connection with litigation (the "Litigation") that Fuel will be filing in the near future against the City of New York (the "City").

On August 28, 2007, I served you with a draft complaint (the "Draft Complaint") detailing the claims that Fuel plans to assert against the City in the Litigation. As set forth in the Draft Complaint, Fuel claims that the restrictions imposed by the New York City Zoning Resolution on Fuel's ability to place certain advertising signs in certain zoning districts violates its First Amendment rights. Specifically, Fuel asserts that the City cannot constitutionally restrict its ability to place and operate so-called "panel signs" – internally illuminated poster advertisements that are approximately 69 inches high and 48 inches wide (the "Panel Signs") – in any zoning district. As set forth in the Draft Complaint, Fuel operates 360 Panel Signs in New York City.

The purpose of this letter is to confirm our agreement that no agency, department, officer, employee, or representative of the City of New York (including without limitation the Department of Buildings and/or its Padlock Enforcement Unit and/or any officers, employees, or representatives of the Department of Buildings) will commence or proceed with any zoning or code enforcement proceeding (including without limitation any proceeding before the New York City Environmental Control Board) (collectively, the "Enforcement Proceedings") relating to any of Fuel's existing Panel Signs at any time until ten (10) days after a decision in the district court disposing of the plaintiff's claims. To the extent that there currently are any pending

EMERY CELLI BRINCKERHOFF & ABADY LLP

Enforcement Proceedings relating to any of Fuel's existing Panel Signs, all such Enforcement Proceedings shall be stayed until ten (10) days after a decision in the district court disposing of the plaintiff's claims. However, the City reserves the right to commence Enforcement Proceedings relating to any alteration (other than copy changes or routine maintenance) or enlargement of the existing Panel Signs or any new Panel Signs that Fuel erects, places, or controls in the future. The City's agreement to stay all pending Enforcement Proceedings and to refrain from commencing new Enforcement Proceedings applies only to Fuel's 360 existing Panel Signs. Moreover, nothing contained herein shall prevent the City from taking appropriate action, including the issuance of violations, should the City reasonably determine that an existing panel sign presents an imminent safety hazard, including but not limited to safety hazards resulting from electrical or construction flaws; provided, however, (a) that Fuel shall be given notice and a reasonable opportunity to cure any such alleged safety hazards, and (b) that the mere fact that Fuel has not obtained an electrical, construction, or other permit shall not, in and of itself, constitute a safety hazard. For the purposes of this agreement only, the mere existence of a panel sign shall not constitute an imminent safety hazard. However, the City's agreement in this regard shall not be construed as a concession on the part of the City that by their nature Panel Signs do not present a danger to traffic safety.

To facilitate our ability to enforce this agreement, Fuel has agreed to provide the Office of the Corporation Counsel with a list detailing the locations of its 360 existing Panel Signs (the "List"). Such list shall include: 1) any internal inventory numbers appearing on the sign; 2) street address (including the borough) of the building or lot where the sign is located; 3) whether the sign is a wall sign or a pole sign; 4) the number of faces on the structure; and 5) whether the sign is located inside or outside the building.

You have agreed that you shall hold the List in strict confidence and that you shall not disclose the List or any of the information contained therein to any person or entity outside of the Office of the Corporation Counsel. However, if the Office of the Corporation Counsel is subpoenaed or served with a document demand in another action or proceeding or if the Office of the Corporation Counsel determines in good faith that it is required to disclose this List by applicable law, legal process or regulation, the Office of the Corporation Counsel shall: (i) give prompt written notice by email and hand or facsimile transmission within three (3) business days of making such determination or of receipt of such subpoena or document demand to Fuel's counsel (the "Required Disclosure Notice") and (ii) refrain from producing the List until the earlier of (a) receipt of written notice from Fuel's counsel that Fuel does not object to production of the List or (b) resolution of any objection asserted by Fuel either by agreement or by final order of the Court or other body with jurisdiction over Fuel's objection of the Producing Party. The burden of opposing the enforcement of the subpoena shall fall primarily upon Fuel; provided, however, that the Office of the Corporation Counsel shall undertake reasonable efforts to provide Fuel with information that is in the City's control and necessary to Fuel in opposing disclosure of the List. Unless Fuel seeks an appropriate stay from the court with jurisdiction or other body to whom discovery must be made within five (5) business days of receiving the

EMERY CELLI BRINCKERHOFF & ABADY LLP

Required Disclosure Notice or such further date as the Court may set for such objections or the parties may agree, the Office of the Corporation Counsel shall be permitted to produce the List. Compliance with any order by a court of competent jurisdiction directing production of the List shall not constitute a violation of this agreement. Nothing herein shall be construed as requiring the Office of the Corporation Counsel to challenge or appeal any order directing production of the List, or to subject himself or itself to any penalties for non-compliance with legal process or order, or to seek any relief from the district court.

If any City agency or official suspects or believes that Fuel has erected, placed, operated, or assumed control of any new Panel Sign that is not on the List, that agency or official may submit a written inquiry to you requesting confirmation of whether the alleged new Panel Sign is or is not on the List. You shall provide my office with a copy of any such request promptly after you receive it. Following a reasonable opportunity for my office to review such a request, you shall respond in writing to the inquiring agency or official only by stating whether the alleged new Panel Sign is or is not on the List. However, Fuel does not have the ability to prevent the Office of the Corporation Counsel from responding to the request by stating whether the alleged new Panel Sign is or is not on the List provided that the procedure described in this paragraph is followed.

We have also agreed that neither party will rely on this agreement to suggest that either party has made any admission, concession, or other waiver of any kind.

We intend to file and serve Fuel's complaint in the Litigation as soon as this agreement is finalized, presumably by the end of this week.

To the extent that this letter appropriately implements our oral understanding, please confirm your agreement by countersigning below.

Very truly yours,

Eric Hecker

Sheryl Neufeld, Esq.
Assistant Corporation Counsel